HOBSON, Chief Judge.
Appellant appeals a judgment and sentence imposed upon him for the crime of concealing stolen property. The property in question was certain ivory, jade and amethyst carvings which the evidence showed were stolen from Sheldon Klein on the night of January 28, 1967. These articles were found in the home of the appellant pursuant to a search made under the authority of a search warrant.
The appellant challenges the trial court’s denial of his motion to suppress the evidence, the trial court’s denial of his motion for mistrial, and the trial court’s admission into evidence of the commission of a separate criminal offense.
We affirm the trial court’s rulings on the two motions; however, we hold that the trial court erred in admitting into evidence *82 the commission of a separate criminál offense, under Williams v. State, Fla.1959, 110 So.2d 654.
The facts which established the separate offense may be summarized as follows:
Mr. Brimmage, the owner of a small grocery store testified that his store had been entered sometime during the night of April 11, 1967 and that certain money order blanks, together with a money order machine used to make out the money orders, were missing on the morning of April 12, 1967. Detective Blitch testified that on April 26, 1967 he arrested[1] the appellant as he disembarked from his truck. After the arrest he testified that he sat behind the wheel of the truck, pulled down the sun visor, and some money orders fell out. These money orders turned out to be some of the ones stolen from Mr. Brimmage’s store. This is the entire testimony as to the separate criminal offense.
The Williams case, supra, lays down the rule that if the separate offense is relevant and has probative value in proof of any issue in the case on trial, such evidence is admissible. However, if the evidence of the commission of another crime has as its sole relevancy the bad character or propensity of the accused to commit a crime, it is reversible error for such evidence to be admitted and considered by the jury.
Upon a careful reading of the entire transcript of the trial of this cause we can find no relevancy of the separate offense to the issues involved in the case being tried. The sole relevancy of the separate offense being the bad character of the appellant or his propensity to commit a crime, the judgment and sentence must be reversed and the cause remanded for a new trial.
Reversed and remanded.
PIERCE and McNULTY, JJ., concur.

. The record is completely devoid of the charge upon which Blitch arrested the appellant. It does appear from the record that the arrest was not for any crime connected with the money orders, the money order machine, or with the stolen property involved in the case sub judice.