[Civ. No. 43368. Second Dist., Div. Five. Mar. 14, 1974.]

NORMAN WALKER, JR., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

### COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, Stewart Rosen and Michael Rothschild, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry B. Sondheim and Daniel L. Bershin, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KAUS, P. J.**—Petitioner and defendant Norman Walker, Jr., was charged in one information with possession of a concealable firearm by an ex-felon (count I, Pen. Code, § 12021) and armed robbery (count II, Pen. Code, § 211). The information also alleged that defendant had been convicted of "robbery and narcotics violations" on July 20, 1967, and June 25, 1968. After being held to answer at the preliminary hearing, defendant made a motion to sever the two counts; the motion was denied. This petition which we treat as praying for a writ of mandate followed. We stayed the trial and granted an alternative writ.

### FACTS

On April 2, 1973, a robbery occurred at the Western Federal Savings and Loan Association in Inglewood. The victims identified the robbers as three male Negroes with pistols and one rifle, all wearing knit caps. A cashier found an envelope near her cash drawer after the robbery; she had not seen the envelope before the robbery. One of the robbers, at the far side of the office, had had an envelope of "some sort" over his face. There were seven fingerprints on the front of the envelope, five of which were identified as belonging to defendant. Another two fingerprints belonged to another, unidentified person.

On July 17—106 days after the robbery—defendant was arrested at an address where four other persons were also detained. These persons were in the living room; defendant was in the bedroom. A police officer saw a .38 caliber revolver in a jacket pocket in an open closet, apparently in the same room where defendant was arrested. When defendant was booked, he gave two addresses; one was the location where he was arrested.

### DISCUSSION

Penal Code section 954 provides that an information "may charge two or more different offenses connected together in their commission, . . . under separate counts, . . . provided, that the court . . . in the interests of justice and for good cause shown, may in its discretion order that the different offenses . . . be tried separately. . . ."

Defendant contends that the trial court abused its discretion in refusing to grant his motion to sever, first, because there is no connection between the robbery and the weapon charges, and, second, even assuming some connection, joinder of the two counts will severely prejudice him.

The relevant factual and legal circumstances of the charged crimes are

as follows: First, defendant was not identified by anyone as the robber; he was linked to the crime by the fingerprints picked off the envelope found in the bank. Second, the only evidence of weapons was that the robbers had "pistols and one rifle . . . ." No further identification of the weapons is disclosed. Third, a .38 caliber revolver was discovered 106 days later when defendant was arrested. Fourth, when defendant was arrested, there were five people in the apartment; four in the living room, and defendant in the bedroom, where the weapon was apparently found. Fifth, proof of the illegal weapons possession charge requires proof that defendant is an ex-felon.

■ Joinder of different offenses is permissible "even though they do not relate to the same transaction or event, if there is a common element of substantial importance in their commission, for the joinder prevents *repetition* of evidence and saves time and expense to the state as well as to the defendant." (*People* v. *Scott,* 24 Cal.2d 774, 778-779 [151 P.2d 517].) (Italics added.) If there can be no repetition because the evidence is not admissible on both counts, this rationale does not come into play. We agree with defendant that, though both offenses involve a handweapon, there is no "common element," where, as here, the handweapon used in each otherwise unrelated crime is not identified as being the same weapon used in both crimes, and any connection based on a class of weapons is attenuated by a considerable time difference in the commission of the crimes.

■ "Where an accusatory pleading charges separate offenses each involving the use of the same gun in their commission, the joinder has been held to be proper under section 954." (*People* v. *Pike,* 58 Cal.2d 70, 84 [22 Cal.Rptr. 664, 372 P.2d 656]; see also *People* v. *Kemp,* 55 Cal.2d 458, 475 [11 Cal.Rptr. 361, 359 P.2d 913]; *People* v. *Scott, supra,* 24 Cal.2d 774, 778-779; *People* v. *Dugan,* 254 Cal.App.2d 402, 404, 406 [62 Cal.Rptr. 185]; *People* v. *Walker,* 112 Cal.App.2d 462, 471 [246 P.2d 1009]; cf. *People* v. *Stone,* 155 Cal.App.2d 259, 269-270 [318 P.2d 25] [common element use of same automobile].)

The People rely on the rule stated in *People* v. *Ringegold,* 13 Cal.App.3d 711, 720 [92 Cal.Rptr. 12], that if "the specific type of weapon used to commit a homicide is not known any weapons found in the defendant's possession after the crime that could have been employed are admissible. There need be no conclusive demonstration that the weapon in defendant's possession was the murder weapon." (Italics omitted.)

We need not, however, decide whether this statement of the rule is too broad. (Cf. *People* v. *Riser,* 47 Cal.2d 566, 577 [305 P.2d 1], relied on in *Ringegold* [". . . it *may be* permissible to admit into evidence . . ."

(italics added)].) The issue in *Ringold* was whether evidence that the defendant possessed a weapon the day before the charged crime was admissible. (13 Cal.App.3d at p. 720.) Even if *Ringold* can be interpreted to apply to a situation where the defendant possessed a weapon 106 days after the crime charged, *Ringold* did not involve a joinder of offenses problem. Even if the weapon discovered on July 17 would be admissible at a separate trial for a robbery that occurred on April 2, this case presents additional problems. Joinder of the two counts involves not only evidence of a weapon, but evidence of at least one of the alleged prior felony convictions, to prove the weapons count. Thus, the joinder of the two offenses in these circumstances is more likely to result in prejudice to the defendant than mere evidence that defendant possessed a concealable weapon at some time.[1]

The People also rely on *People v. Scott, supra,* 24 Cal.2d 774, 776, where the defendant was tried for forcible rape and for possession of a weapon with altered identification marks, the very weapon with which he intimidated the rape victim. In holding that joinder was proper, the court ruled that the "possession of *the* weapon was . . . a common and important element of each crime." (*Id.* at p. 779. Italics added.) As we have noted above, joinder is generally proper where a specific weapon is common to more than one crime. Moreover, in *Scott* the defendant admitted intercourse (*id.* at pp. 776-777) and possession of the weapon (*id.* at p. 783); the issues were force and alteration, and the court could and did reasonably find that "the joinder did not result in embarrassment or prejudice to the defense . . . ." (*Id.* at p. 779.)

In this case, defendant has, on the record before us, made no admissions, and is tied into both crimes only by circumstantial evidence.

---

[1]The danger of a miscarriage of justice lies in the real possibility that, in spite of correct instructions, the felony conviction, irrelevant to the robbery count, will negate any reasonable doubt of defendant's guilt of robbery; that he will be convicted "on principle." This type of danger was recognized in *People v. Molano,* 253 Cal.App.2d 841 [61 Cal.Rptr. 821, 18 A.L.R.3d 1328]. There Mike Molano and Norma Tuck were jointly charged with burglary. Norma alone was charged with possession of marijuana. A prior marijuana conviction was alleged against Mike. Mike's motion to sever the marijuana charge against Norma was denied. The evidence at the trial showed that the marijuana possessed by Norma had been found in an apartment she shared with Mike. Holding that the trial court had abused its discretion in denying the motion to sever, the court said: "As counsel for defendant in essence argued when the motion for severance was made, since the narcotics were found in an apartment he and his codefendant shared, to allow the narcotics charge to be tried against her in their trial on the burglary charge, created the very real possibility that the jury would in effect try him for that offense along with her; *that not being able to convict him of that charge, could prejudicially influence his case on the burglary charge.* [Citation.]" (253 Cal.App.2d at pp. 845-846. Italics added.)

In conclusion, where two dissimilar offenses occur a significant period of time apart, are connected only by an otherwise unidentified weapon, and proof of one charge involves potentially prejudicial and otherwise inadmissible evidence on the second charge, the refusal to grant a motion to sever the charges is an abuse of discretion.

The alternative writ is discharged. The peremptory writ is granted.

Stephens, J., and Ashby, J., concurred.