398 So.2d 495 (1981)
Daisy R. MAYCOCK, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2182.
District Court of Appeal of Florida, Third District.
May 26, 1981.
Bennett H. Brummer, Public Defender and Robin H. Greene, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, BASKIN and NESBITT, JJ.
*496 BASKIN, Judge.
We affirm the trial court's denial of defendant's motion to sever the charge of unlawful possession of a concealed weapon by a convicted felon from the charge of second degree murder. Better practice would permit the court to sever a charge which requires proof of a prior conviction in order to avoid depriving defendant of the presumption of innocence to which she is entitled. Since defendant argued only that the jury not be informed as to the nature of the prior conviction and even stipulated[1] to the fact that she was a convicted felon, thereby enabling the court to refrain from informing the jury that the prior conviction was for another second degree murder, she may not be heard to complain on appeal. The joined offenses pertained to the same criminal episode, see Shargaa v. State, 102 So.2d 814 (Fla. 1958), and the evidence against defendant was clear. Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980).
The remaining point is without merit.
Affirmed.
NOTES
[1] At the hearing defense counsel stated:

Without giving up our right to file an appeal on the motion to sever, you can consider a motion for rehearing. The basis is new case law and, without giving up that right, I would be willing to stipulate to the fact that she is a convicted felon.
I can't spite my client's face by cutting off her nose.
The defense thereby attempted simultaneously to waive and preserve the objection. The argument in the motion to sever was directed to the fact that informing the jury of the nature of defendant's prior conviction would be prejudicial. The stipulation waived objection to the jury's learning of the fact of the prior conviction, and that issue is not preserved for appellate review.