405 So.2d 177 (1981)
Mario Abelardo VAZQUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1525.
District Court of Appeal of Florida, Third District.
August 4, 1981.
Rehearing Denied November 12, 1981.
*178 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calianne Lantz, Asst. Atty. Gen., and Michael Vandetti, Legal Intern, for appellee.
Before HUBBART, C.J., HENDRY, J., and TILLMAN PEARSON, (Ret.), Associate Judge.
HUBBART, Chief Judge.
The dispositive issue on this appeal is whether a motion lies to sever a count in an indictment charging unlawful possession of a firearm by a convicted felon [§ 790.23, Fla. Stat. (1979)] from other counts charging other crimes in the same indictment. We hold that such a motion lies under Fla.R. Crim.P. 3.152(a)(2)(i), that it is an abuse of discretion for a trial court to deny such a motion, where the state's anticipated proof at trial of the defendant's prior felony conviction on the convicted felon firearm possession count of the indictment would be otherwise inadmissible in evidence as to the other counts of the same indictment. It is our conclusion that such a severance of counts lies under the above circumstances because it is necessary "to promote a fair determination of the defendant's guilt or innocence of each offense." Fla.R.Crim.P. 3.152(a)(2)(i). As the defendant's motion for severance in the instant case was, in our view, improperly denied below, we reverse and remand for a new trial.

I
The defendant Mario Vazquez was charged in a three-count indictment returned by the Dade County Grand Jury with: (1) first degree murder [§ 782.04(1)(a), Fla. Stat. (1979)]; (2) unlawful possession of a firearm by a convicted felon [§ 790.23, Fla. Stat. (1979)]; and (3) unlawful display of a firearm during the commission of a felony [§ 790.07(1), Fla. Stat. (1979)]. The defendant, after entering a plea of not guilty before the Circuit Court for the Eleventh Judicial Circuit of Florida, filed a pretrial motion to sever count II of the information on the ground that the "evidence necessary to prove [c]ount II, i.e., that the [d]efendant is a convicted felon, would prejudice the [d]efendant in his defense of the remaining counts" and that "evidence of the [d]efendant's prior conviction[s] has no bearing on the remaining counts [of the indictment], and, in the absence of [c]ount II, would be inadmissible." [R. 46]. This motion was denied by the trial court, was renewed at trial by defense counsel, and was again denied by the trial court.
The state established at trial, over objection by the defendant, that the defendant *179 had been convicted of a robbery in 1975.[1] The state's evidence on this issue consisted of an information charging the defendant with three separate robberies, a judgment of conviction and sentence for robbery establishing that the defendant pled guilty to one count of robbery and was sentenced to ten (10) years in prison, and fingerprint evidence linking the defendant to the above felony conviction. The details of the three robbery charges were in substance contained in the above information which went to the jury. This proof, without dispute, was admissible on count II of the indictment, but was in no way admissible on the other two counts of the indictment. The record also reveals a sharp conflict in the evidence at trial as to whether the defendant committed the charged murder or was elsewhere at the time the murder was perpetrated.
The trial court instructed the jury at the close of all the evidence that the defendant was not on trial for crimes not charged in the indictment or necessarily included therein; the trial court also gave other jury charges which the state contends "made it clear to the jury that the defendant's past [robbery] conviction should have no bearing on the instant murder charge." [State's brief pp. 8-9].
The jury found the defendant guilty of second degree murder as a lesser included offense, unlawful possession of a firearm by a convicted felon, and unlawful display of a firearm during the commission of a felony. The trial court imposed a sentence of life imprisonment plus fifteen (15) years imprisonment on the first two convictions, the sentences to run consecutively. No sentence was imposed on the third conviction. This appeal follows.

II
All agree that count II of the indictment charging unlawful possession of a firearm by a convicted felon was, as an initial matter, properly joinable with the other two counts of the indictment herein under Fla. R.Crim.P. 3.150(a) as all three counts charged crimes which were "based on the same act or transaction." The parties sharply divide, however, as to whether a severance of count II was nonetheless mandated in this case by Fla.R.Crim.P. 3.152(a)(2)(i) which provides as follows:
"(2) In case two or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant
(i) before trial upon a showing that such severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense...."
The defendant contends that such a severance was required by the above rule; the state contends that the above rule is inapplicable. We agree with the defendant.

A
It is the established law of this state dating back to 1886 that evidence of any crime committed by a defendant, other than the crime or crimes for which the defendant is on trial, is inadmissible in a criminal case where its sole relevancy is to attack the character of the defendant or to show the defendant's propensity to commit crime. See e.g., Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and cases collected; Mann v. State, 22 Fla. 600 (1886); Selph v. State, 22 Fla. 537 (1886); Green v. State, 190 So.2d 42 (Fla.2d DCA 1966), and cases collected. A motion for mistrial almost always lies upon the introduction of such evidence at trial, and the error in denying same necessarily constitutes reversible error. See e.g., Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and cases *180 collected; Randall v. State, 239 So.2d 81, 82 (Fla.2d DCA 1970). The theory behind this line of cases is that such evidence, with rare exceptions, is so overwhelmingly prejudicial to a defendant that the presumption of innocence is thereafter destroyed and a fair trial rendered impossible. See e.g., Boyett v. State, 95 Fla. 597, 116 So. 476 (1928).
In the instant case, powerful documentary evidence was introduced in evidence at trial establishing that the defendant had committed a prior felony, to wit: a robbery, and was duly convicted thereof in 1975. An information charging the subject robbery [along with two other robberies], together with the judgment of conviction and sentence showing the entry of a guilty plea, all went to the jury. Although clearly admissible and, indeed, absolutely required to establish count II of the indictment,[2] all agree that this evidence was inadmissible on the remaining murder and firearm display counts of the indictment under the above line of Williams decisions because the sole relevancy of the evidence on these counts was to attack the defendant's character and to show his propensity to commit crime. Based on the above-stated law, the subject evidence was so prejudicial to the defendant that it deprived him of a fair trial on the indictment before the court. To avoid this manifest injustice, it is our view that a severance on count II was called for by Fla.R.Crim.P. 3.152(a)(2)(i) as essential to promote a fair determination of the defendant's guilt or innocence.
In this connection, we are entirely unpersuaded by the state's argument that the trial court's cautionary instructions preserved a fair trial for the defendant and made a severance here unnecessary. As the Williams line of cases teaches and common sense confirms, the above inadmissible evidence was too powerful, too damning, and too prejudicial for any conscientious jury to disregard pursuant to the above jury charge. Cautionary instructions of this sort have their place in our law, but are utterly ineffective when applied, as here, to such powerful prejudicial evidence. Compare Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). "The danger of a miscarriage of justice lies in the real possibility that, in spite of correct instructions, the [prior] conviction, irrelevant to the [present] count, will negate any reasonable doubt of defendant's guilt ..., that he will be convicted `on principle.'" Walker v. Superior Court, 37 Cal. App.3d 938, 112 Cal. Rptr. 767, 769 n. 1 (1974).
We are supported in the result we reach in this case by a recent decision of the Fifth District Court of Appeal with which we entirely agree. Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1980). We are further supported by the clear weight of authority in the country on this subject which has addressed the issue in depth. State v. Middleton, 143 N.J. Super. 18, 362 A.2d 602 (1976), aff'd, 75 N.J. 47, 379 A.2d 453 (N.J. 1977); Commonwealth v. Carroll, 275 Pa.Super. 241, 418 A.2d 702 (1980); Walker v. Superior Court, 37 Cal. App.3d 938, 112 Cal. Rptr. 767 (1974); contra State v. Campbell, 615 P.2d 190 (Mont. 1980); Sexton v. State, 397 A.2d 540 (Del. 1979). Finally, we conceive our result to be in perfect accord with, if not compelled by, the above Williams line of decisions. See also State v. Harris, 356 So.2d 315 (Fla. 1978).

B
In reaching this result, we have not overlooked our decision in Panzavecchia v. State, 311 So.2d 782 (Fla. 3d DCA 1975), overruled on other grounds, Williams v. State, 346 So.2d 67 (Fla. 1977), upon which *181 the state relies before this court. We conclude, however, that Panzavecchia is not controlling because there, unlike the instant case, the defendant himself introduced in evidence at trial proof of his prior felony conviction and thus waived whatever pretrial right to a severance he may have had on the count charging unlawful possession of a firearm by a convicted felon. We have similarly held in Maycock v. State, 398 So.2d 495 (Fla. 3d DCA 1981), that a defendant also waives his right to the above-stated severance where he stipulates at trial that he has a prior felony conviction. Indeed, we specifically limited our holding in Panzavecchia to the precise facts of the case,[3] which facts on the issue of waiver find no counterpart in the instant case. Moreover, to the extent that Panzavecchia contains dicta which sanctions the denial of motions for severance similar to the one in the instant case, such dicta is disapproved.

III
We have carefully considered the other contentions raised by the defendant upon this appeal and find them to be without merit. Dupree v. State, 125 Fla. 58, 169 So. 600 (1936); Ho Yin Wong v. State, 359 So.2d 460 (Fla. 3d DCA), cert. denied, 364 So.2d 886 (Fla. 1978); Durcan v. State, 350 So.2d 525 (Fla. 3d DCA 1977); Jackman v. State, 140 So.2d 627, 629 (Fla. 3d DCA 1962); § 924.33, Fla. Stat. (1979). The convictions and sentences under review in this case are, accordingly, reversed and the cause is remanded to the trial court with directions to order a new trial. Count II of the indictment shall be severed from the other two counts of the indictment for new trial purposes.
Reversed and remanded for a new trial.
NOTES
[1] The defendant also offered to stipulate at trial that the defendant had a prior felony conviction, which stipulation was rejected by the state. It should be noted that had the stipulation been accepted, the defendant would have waived the severance issue for appeal, Maycock v. State, 398 So.2d 495 (Fla. 3d DCA 1981), or, at the very least, might have so minimized the prejudice to him that a reversal here would not have been in order. See Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981).
[2] State v. Davis, 203 So.2d 160, 162 (Fla. 1967) ("Davis was charged with possession of a pistol after he had been convicted of a felony. This crime cannot be committed unless the individual charged is an ex-felon. His prior conviction is a substantive element of the crime charged."); Ferguson v. State, 379 So.2d 163, 165 (Fla.3d DCA 1980); State v. Dixon 193 So.2d 62 (Fla. 2d DCA 1967); see also Warren v. State, 74 So.2d 688 (Fla. 1954); Sparkman v. State Prison Custodian, 154 Fla. 688, 18 So.2d 772 (1944); Clinton v. State, 143 Fla. 356, 196 So. 684 (1940); Coulson v. State, 110 Fla. 279, 149 So. 521 (1933); Timmons v. State, 97 Fla. 23, 119 So. 393 (1929); Ballard v. State, 96 Fla. 566, 119 So. 146 (1928). Contra, Hall v. State, 400 So.2d 102 (Fla. 1st DCA 1981).
[3] "In the circumstances of this case we are impelled to conclude that denial of the defendant's motion for severance of the offenses did not represent an abuse of discretion by the trial court." [emphasis added] Panzavecchia v. State, 311 So.2d at 784.