419 So.2d 1088 (1982)
STATE of Florida, Petitioner,
v.
Mario Abelardo VAZQUEZ, Respondent.
No. 61462.
Supreme Court of Florida.
September 14, 1982.
*1089 Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
McDONALD, Justice.
The state petitions for review of Vazquez v. State, 405 So.2d 177 (Fla. 3d DCA 1981), on the basis of conflict with Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981), and Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1980). We have jurisdiction[1] and approve in part and quash in part the instant district court opinion.
*1090 A three-count indictment charged Vazquez with first-degree murder, unlawful possession of a firearm by a convicted felon, and unlawful display of a firearm during commission of a felony. After pleading not guilty, Vazquez moved to sever the firearm possession count because evidence needed to prove that count would prejudice his defense to the other counts. The court denied the motion, and the state, over objection, proved that Vazquez had pled guilty to a robbery charge and had been sentenced to ten years in prison. The jury returned verdicts convicting Vazquez of second-degree murder and of the crimes charged in the second and third counts. The district court reversed and remanded for new trials on all counts, finding that Florida Rule of Criminal Procedure 3.152(a)(2)(i)[2] mandated severance of the firearm possession count.
Granting or denying a requested severance is within the trial court's discretion, and the test on review is whether the trial court abused its discretion. Crum v. State, 398 So.2d 810 (Fla. 1981); Menendez v. State, 368 So.2d 1278 (Fla. 1979). A severance should be granted liberally when prejudice is likely to flow from refusing the severance. Menendez. The district court agreed with Vazquez that, although admissible as to the firearm possession charge, evidence of Vazquez' prior conviction was so prejudicial that it deprived him of a fair trial.
Similar fact evidence is admissible if relevant to a fact in issue even though it also points to commission of a separate crime. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). As the district court points out, however,
evidence of any crime committed by a defendant, other than the crime or crimes for which the defendant is on trial, is inadmissible in a criminal case where its sole relevancy is to attack the character of the defendant or to show the defendant's propensity to commit crime.
405 So.2d at 179 (citations omitted). The test of admissibility is relevancy, Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981); Williams, but relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla. Stat. (1979).
A prior conviction is a substantive element of the crime of possession of a firearm by a convicted felon. State v. Davis, 203 So.2d 160 (Fla. 1967). In charging possession of a firearm by a convicted felon "proof of conviction is relevant evidence and is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence." Parker v. State, 408 So.2d 1037, 1038 (Fla. 1982) (footnote omitted). The district court correctly concluded[3] that the documentary evidence establishing Vazquez' prior conviction could and should have been introduced to establish count II. The district court also correctly stated,[4] however, that this evidence could not be admitted as to the charges of murder and firearm display because of a lack of relevancy to those charges.
As the third district has stated, the better practice would be to sever a count which requires proof of a prior conviction in order not to deprive a defendant of the presumption of innocence. Maycock v. State, 398 So.2d 495 (Fla. 3d DCA 1981). We agree that introducing this evidence unfairly prejudiced Vazquez. The documentation regarding the prior conviction does not meet the test set out in Williams *1091 and would not have been admissible in a trial of the first and third counts. We find that allowing the state to introduce this evidence solely because of the consolidation of the charges precluded Vazquez from receiving a fair trial.
In asking us to quash the instant district court opinion, the state relied on Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981), and Parker v. State, 408 So.2d 1037 (Fla. 1982). In Dedmon the first district upheld a trial court's refusal to sever a charge of possession of a firearm by a convicted felon from a charge of attempted first-degree murder with a firearm. The court stated that
consolidation of the two counts presented the most practical and efficient method of processing the case because the evidence of possession was intertwined and a part of the evidence of the act of shooting. There was no reason to have duplicative proceedings. Further, the potential for prejudice was minimized by the stipulation entered into by the parties in which the jury was told that [Dedmon] had been previously convicted of a felony insofar as it related to the possession count but the prior crime was not named. In addition, when we consider the eyewitness testimony, [Dedmon's] admissions, and the evidence connecting [Dedmon] with the weapon used in the crime, we can see no prejudicial effect on the jury with regard to the attempted murder count in having the matters tried together.
400 So.2d at 1043. The stipulation entered into by Dedmon and the state distinguishes Dedmon from the instant case. Parker, holding that the state is not bound to accept a defendant's offer to stipulate, is also factually distinguishable.
Although differing factually somewhat from Dedmon, we find sufficient conflict with that case to justify our jurisdiction in the instant case. Even if consolidation is the "most practical and efficient method of processing" a case,[5] practicality and efficiency should not outweigh a defendant's right to a fair trial. "The objective of fairly determining a defendant's innocence or guilt should have priority over other relevant considerations such as expense, efficiency, and convenience." Crum v. State, 398 So.2d 810, 811 (Fla. 1981). We approve the holding of Vazquez regarding the necessity of a severance and disapprove, to the extent of conflict with this opinion, the language in Dedmon regarding the efficiency and practicality of consolidation. We emphasize that prejudice to the defendant will outweigh judicial economy.[6]
We disagree, however, with the district court's remand for retrial of the firearm possession count and find conflict with Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1981), on this point. In a situation very similar to the instant case, the fifth district reached the same conclusion as the third district in Vazquez regarding the necessity of severance, but affirmed the firearm possession conviction while reversing Orr's other convictions. While the proof of Vazquez' prior conviction unfairly prejudiced his defense to the first and third counts, that proof was both relevant and admissible and not unfairly prejudicial in the firearm possession count. See Parker v. State. Moreover, while conflicting, the jury found sufficient credible evidence and testimony to convict Vazquez of the second count through the state's presentation of evidence regarding all three counts. In a trial of counts I and III, it would have had to present the same evidence.[7] We therefore find that a retrial on Count II is not necessary *1092 and quash the district court's remand regarding that count.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, SUNDBERG and EHRLICH, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] Rule 3.152(a)(2)(i) provides as follows:

(a) Severance of offenses.
* * * * * *
(2) In case two or more charges of related offenses are joined in a single indictment or information, the court nevertheless shall grant a severance of charges on motion of the State or of a defendant
(i) before trial upon a showing that such severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense, or
[3] 405 So.2d at 180.
[4] Id.
[5] Dedmon v. State, 400 So.2d 1042, 1043 (Fla. 1st DCA 1981).
[6] This is not to say that severance is necessary in every case, particularly when there is a stipulation to the fact of a prior conviction. See Maycock v. State, 398 So.2d 495 (Fla. 3d DCA 1981).
[7] While evidence relating to all three counts would be relevant in proving count II, the evidence relating to count II is not relevant to I and III.