427 So.2d 234 (1983)
David HARRIS, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1134.
District Court of Appeal of Florida, Third District.
February 15, 1983.
Bennett H. Brummer, Public Defender, Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd A. Cowart, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Penny H. Hershoff, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The final judgment of conviction and sentence under review is reversed and the cause is remanded to the trial court with directions to order a new trial. We hold that the trial court committed reversible error in denying the defendant's timely motion for mistrial after a police detective, called at trial as a witness for the state, testified over objection before the jury that the defendant had a "prior felony past."
We are led to the above result for the following reasons. First, the above testimony was utterly inadmissible in evidence as its sole relevance was to attack the defendant's character or to show the propensity of the defendant to commit crime. See e.g., Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); Mann v. State, 22 Fla. 600 (1886); Selph v. State, 22 Fla. 537 (1886); Green v. State, 190 So.2d 42, 45 *235 (Fla. 2d DCA 1966), and cases collected therein. Second, the presentation before a jury of testimony inadmissible, as here, under the Williams rule has generally been considered classic grounds for a mistrial given its usual devastating impact upon a jury. Vazquez v. State, 405 So.2d 177, 179-80 (Fla. 3d DCA 1981), approved in part, quashed in part, 419 So.2d 1088 (Fla. 1982). Third, the trial court's "cautionary" instruction to the jury in no way cured the prejudicial impact of such evidence as it did not explicitly or in substance instruct the jury (a) that the offending testimony was inadmissible in evidence and (b) that the jury should disregard it. Fourth, the admission of the offending testimony was not rendered harmless as the state's case was not, as urged, overwhelming in nature given especially the three alibi witnesses presented by the defense at trial. See also Vazquez v. State, 405 So.2d at 179-80.
Reversed and remanded for a new trial.