PER CURIAM.
The defendant Samuel Roman appeals his conviction and sentence for attempted armed robbery. The central contention urged on appeal is that the trial court erred in denying the defendant’s timely motion for a mistrial after the arresting officer gave testimony at trial indicating that the defend *488 ant was involved in a robbery for which he was not charged. It would serve no purpose to detail the precise testimony nor elaborate further on the facts of the case. Suffice it to say that we are persuaded that a Williams violation occurred below, that the defendant was substantially prejudiced thereby, and that a reversal is necessarily mandated herein. See e.g., Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959), and cases collected therein; Mann v. State, 22 Fla. 600 (1886); Selph v. State, 22 Fla. 537 (1886); Green v. State, 190 So.2d 42 (Fla. 2d DCA 1966). Moreover, we specifically reject the state’s central contention in’ reply that the error was harmless. Harris v. State, 427 So.2d 234 (Fla. 3d DCA 1983); Vazquez v. State, 405 So.2d 177 (Fla. 3d DCA 1981), approved in part, quashed in part, 419 So.2d 1088 (Fla.1982).
The judgment of conviction and sentence is reversed and the cause is remanded to the trial court for a new trial.