440 So.2d 581 (1983)
Otis James THOMAS, Petitioner,
v.
STATE of Florida, Respondent.
No. 61918.
Supreme Court of Florida.
October 27, 1983.
*582 Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Judge.
Petitioner, Otis James Thomas, requests review of the First District Court of Appeals's decision reported as Thomas v. State, 410 So.2d 635 (Fla. 1st DCA 1982). The district court refused to reverse the trial court's denial of a motion to sever Count III of the information, possession of a firearm by a convicted felon, from Count I, aggravated assault, and Count II, shooting at an occupied vehicle. We have jurisdiction under article V, section 3(b)(3), Florida Constitution, on the basis of conflict with the Third District Court's decision in Vazquez v. State, 405 So.2d 177 (Fla. 3d DCA 1981).
Petitioner raises two issues for our consideration. He first argues that State v. Vazquez, 419 So.2d 1088 (Fla. 1982), controls the issue of the severance of Count III from Counts I and II and thus he is entitled to a new trial on Counts I and II. He next contends that under the facts of the instant case, he was unfairly prejudiced by the court's failure to excise the nature of his previous conviction from the state's exhibits and thus he is entitled to a new trial on Count III, also.
This Court recently decided State v. Vazquez and we find it dispositive. In Vazquez, we held that allowing the state to introduce evidence of a prior conviction solely because a charge of possession of a firearm by a convicted felon is consolidated with other charges, precluded the defendant from receiving a fair trial as to the charges consolidated with the firearm possession charge.
Respondent's suggestion that Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981), disapproved, State v. Vazquez, 419 So.2d 1088 (Fla. 1982), and Maycock v. State, 398 So.2d 495 (Fla. 3d DCA 1981), are controlling instead of Vazquez is mistaken. Dedmon and Maycock are inapposite because a stipulation as to the prior felony conviction was entered into by the defendant in each of those cases whereas in the instant case it was not. Contrary to what Dedmon and Maycock did, Thomas did not waive his right to a severance. Therefore, we quash that part of the district court's opinion which upholds the convictions for aggravated assault and shooting at an occupied vehicle.[1]
As to the second issue, we note that during trial petitioner had objected to the state's introduction into evidence of a judgment and sentence and an information, as proof of a prior conviction. Petitioner argued unsuccessfully that the nature of the *583 previous conviction should not be revealed to the jury and should be blocked out. The objection was overruled.
In Vazquez, this Court found that a retrial was not necessary for the firearm possession count because proof of Vazquez' prior conviction was not unfairly prejudicial to that charge. In that case as in the instant one, proof of the prior conviction was both relevant and admissible. Therefore, the conviction on Count III was proper.
We quash that part of the district court's decision which upholds the convictions for aggravated assault and shooting at an occupied vehicle and approve that part of the district court's decision which upholds the conviction for possession of a firearm by a felon. The cause is remanded to the trial court for further proceedings in accordance with this opinion.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] With respect to Count I of the information charging petitioner with aggravated assault, petitioner is entitled to a new trial for the lesser offense of attempted aggravated assault, since the jury found petitioner guilty of the lesser offense of attempted aggravated assault, which operates as an acquittal of the offense charged.