ERVIN, Judge.
Appellant Randy Lamonte Fox appeals from his convictions for four counts of armed robbery, armed burglary, armed sexual battery, possession of cannabis and resisting an officer, and the sentences imposed therefor. We affirm in part and reverse in part and remand.
The first point raised by appellant requires this court to once again apply the harmless error test set forth in State v. DiGuilio, 491 So.2d 1129 (Fla.1986), and approved in State v. Lee, 531 So.2d 133 (Fla.1988). The specific error complained of concerns the lower court’s ruling on appellant’s motion to sever the charge of convicted felon in possession of a firearm. When defense counsel first moved to sever the charge before voir dire, the motion was denied. However, when defense counsel renewed the motion after voir dire, but prior to the jury being sworn, during which she revealed to the prospective jurors that appellant had a criminal past, the trial court receded from its earlier ruling and granted the motion to sever. Defense counsel then moved for mistrial, asserting that the jury had been unfairly prejudiced against appellant in that it heard that appellant had a criminal record. The court denied that motion and the matter proceeded to trial, which resulted in guilty verdicts on all charges.
Although the granting of a motion to sever is discretionary, if one of the several charges to be tried is convicted felon in possession of a firearm, severance should be granted. See Thomas v. State, 440 So.2d 581 (Fla.1983); State v. Vazquez, 419 So.2d 1088 (Fla.1982); Craft v. State, 441 So.2d 704 (Fla. 2d DCA 1983). The granting of a motion for mistrial is likewise within the court’s discretion; however, it should be granted when it is necessary to *342 ensure that the defendant receives a fair trial. Marek v. State, 492 So.2d 1055 (Fla.1986). Certainly the lower court should have granted the initial motion to sever. Having failed to do so, it caused defense counsel to reveal to the prospective jurors that appellant had a criminal past. Considering the extremely prejudicial nature of such information, the fact that the error occurred prior to the commencement of trial, and that appellant’s right to a fair trial could have been preserved by selection of a new jury, we conclude that the lower court erred in denying appellant’s motion for mistrial.
It is next necessary for us to decide whether the error was harmless. In so saying, we are mindful that not every error requires reversal, even when the error involves a constitutional right. DiGuilio. Application of the harmless error test requires an appellate court to review the entire record, looking both at the permissible and the impermissible evidence. DiGuilio, 491 So.2d at 1135. The permissible evidence that the jury could have legitimately relied upon in the instant case includes the testimony of four eyewitnesses, all of whom positively identified appellant at trial and whose descriptions of the perpetrator and the weapon he used were markedly similar, and, finally, evidence of both flight and that regarding the recovery and identification of items which were stolen by appellant.
The second part of the harmless error test requires that we consider the impermissible evidence which might have possibly influenced the jury’s verdict. The error here consists of defense counsel’s statements made during voir dire examination regarding appellant’s past criminal record, and one statement made during trial by a state witness relating to the “firearm charge.” .. Addressing the witness’s testimony at trial first, we conclude that any such error was harmless. Appellant was, after all, charged with four armed robberies, one armed burglary and one armed sexual battery. The reference to the firearm could have appropriately been made regarding any of those charges, rather than the firearm possession charge.
Defense counsel’s statements made during voir dire present a more serious problem. Certainly any comment regarding the accused’s prior criminal record is highly prejudicial; however, counsel’s reference to same did not amount to a lengthy dialogue or become a “feature” of the voir dire. Additionally, it should be noted that the actual crime for which appellant had been previously convicted was never revealed, and the jurors did indicate that appellant's criminal record would not affect their verdict.
DiGuilio holds that if the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, the error is by definition harmful and the case must be reversed. 491 So.2d at 1139. A reasonable doubt is not a possible, speculative, imaginary or forced doubt, and a reasonable doubt cannot exist if an abiding conviction of guilt remains.. See Fla.Std. Jury Instr. (Crim.) 2.03. Because appellant’s criminal history did not become the focus during voir dire or at the trial, and because there is ample, unrebutted evidence that appellant committed the crimes charged, we conclude that the error was harmless and affirm the convictions.
Turning to the sentencing error raised by appellant, not only did the state concede that the sentences needed clarification as to their consecutive or concurrent nature,[1] but the consecutive life sentences imposed on appellant constituted departure sentences and, as such, were required to be accompanied by written reasons. Because the lower court erred in not providing any written reasons, reversal and remand is necessary. See Rease v. State, 493 So.2d 454 (Fla.1986); Pride v. State, 511 So.2d 1068 (Fla. 1st DCA 1987); Wilcox v. State, 500 So.2d 697 (Fla. 1st DCA 1987).
AFFIRMED in part, REVERSED in part, and REMANDED with directions for *343 the trial court to resentence appellant within the guidelines or to clarify the consecutive or concurrent nature of the sentences and provide written reasons for the departure.
BOOTH and WENTWORTH, JJ., concur.

. The written sentences imposed conflicted with the oral sentences pronounced at the sentencing hearing.