PER CURIAM.
Finding that the multiple, uncharged, prior criminal acts defendant allegedly committed were not relevant to proving the charges of battery and trespass, we reverse the convictions and sentences. State v. Lee, 531 So.2d 133 (Fla.1988); Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); Drake v. State, 441 So.2d 1079 (Fla.), cert. denied, 466 U.S. 978, 104 S.Ct. 2361, 80 L.Ed.2d 832 (1983); State v. Vazquez, 419 So.2d 1088 (Fla.1982); Ruffin v. State, 397 So.2d 277 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981). Additionally, we note that some of the prior acts were stale. McGough v. State, 302 So.2d 751 (Fla.1974).
Reversed and remanded for a new trial.