ERVIN, Judge,
concurring.
Although I agree with the majority that appellant’s conviction and sentence for the offense of possession of a firearm by a convicted felon should be affirmed, I consider it necessary to express certain reservations regarding appellant’s double jeopardy challenge. In Grady v. Corbin, — U.S. -, -, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548, 557 (1990), the United States Supreme Court stated “that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” (Footnote omitted.) Although the information filed in the case at bar could, as the majority believes, be read as encompassing appellant’s conduct at his motel room on the morning following the burglary and grand theft,[1] the charge filed against appellant could have been proven either by conduct showing that appellant was in constructive possession of the firearm while in the motel room, or by conduct showing that appellant stole the gun during the burglary of the law office. If possession of the firearm, which is an essential element of the offense, was proven by appellant’s burglary of the law office, then it would appear to me that a Grady violation occurred. It is, however, impossible to tell from the record before us upon which conduct the state and the jury relied.[2]
*826 I am, nonetheless, uncertain that Grady even applies to the case at bar, because it involves, unlike Grady, the offense of possession of a firearm by a convicted felon, which in Florida requires severance from other counts. See Thomas v. State, 440 So.2d 581 (Fla.1983); State v. Vazquez, 419 So.2d 1088 (Fla.1982). The record does not show precisely which party, if any, requested a separate trial for the firearm possession charge. Nor does it disclose whether appellant objected to severance. Given the unique circumstances of this case, I concur in affirming.

. The information filed in the instant case provides as follows:
JERRY M. BLAIR, State Attorney of the Third Judicial Circuit of Florida, charges that RICHARD LEWIS WALLS, on or about the 13th day of OCTOBER, 1988, in TAYLOR County, Florida, having been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in another! ] state, territory or country punishable by imprisonment for a term exceeding one year, did own or have in his care, custody, possession or control, a certain firearm, to-wit: a .45 caliber pistol, contrary to Florida Statute 790.23.

. As previously noted, the information is too general to permit a determination of the exact conduct upon which the state was relying. Moreover, absent from the record is any bill of particulars setting forth the state’s theory of proof. Compare Grady. Also absent is the state’s opening and closing arguments, which were omitted from the record on appeal per the appellant’s instructions.