639 So.2d 173 (1994)
Jesus SOSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2521.
District Court of Appeal of Florida, Third District.
July 5, 1994.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Daisy Y. Guell, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and GODERICH, JJ.
PER CURIAM.
Pursuant to jury verdict, the defendant, Jesus Sosa, was convicted of attempted second-degree murder and possession of a firearm by a convicted felon. We reverse and remand.
According to victim Jean Bollinger's testimony, on April 20, 1992 at about 3:00 P.M., Bollinger was driving down Collins Avenue on Miami Beach when he noticed the defendant *174 in a dark blue Mustang coming up from behind him. The Mustang followed him for a distance, unsuccessfully trying to pass him in the traffic. Bollinger changed lanes in an effort to elude the Mustang. At one point, Bollinger saw the driver, the defendant, reach out his left hand and touch the car's side mirror. Bollinger could see what appeared to be a handgun in the defendant's hand and he heard two gunshots. Bollinger attempted to flee, but the Mustang stayed behind him. As he approached a traffic light, Bollinger heard several more gunshots, one of which struck Bollinger's car.
At that point, the Mustang drove off in another direction. Bollinger found police officer William Riley, and reported the incident. Bollinger gave the officer a description of the Mustang and the driver. Bollinger remained at that location until the arrival of another officer, Richard Lonergan, who then took Bollinger to a site where the defendant was in custody, surrounded by police officers.
Once there, Bollinger confirmed to Lonergan that the defendant was his assailant. The final witness to testify was Officer Zacarias, who conducted the investigation, along with Lonergan and Riley. Zacarias, over defense objection, was permitted to testify that pursuant to a search of the defendant's car, he found a pair of handcuffs and a bag of .380 rounds.
In the initial information, the state charged the defendant as a convicted felon based upon what it thought was a 1990 conviction. The state moved to sever the counts, and the defense objected. The day of the trial, after the jury was sworn, the state moved to amend the information, as to the convicted felon count, having found that Sosa had been convicted in 1986, and not, as charged, in 1990.
Defense counsel strenuously objected and argued that since the defense to this count was based on the charged 1990 offense, the amendment worked as surprise and that if the court allowed the amendment, the counts should be severed. The trial court permitted the state to amend the information, but denied Sosa's motion to sever the attempted second-degree murder count and the possession of a firearm by a convicted felon count. During the trial, counsel objected to the refusal to sever and the introduction of evidence of the prior conviction. Sosa's counsel stated that he was unprepared to defend against this count, and stipulated during trial, to the prior conviction. In its closing, the state argued that this stipulation served, in effect, as proof of count two. Sosa's counsel renewed his motion and objections.
Severance should be granted liberally when prejudice is likely to follow from refusing the severance. State v. Vazquez, 419 So.2d 1088 (Fla. 1982). Here, once amendment of the information was permitted, the defense's motion to sever should have been granted. The offenses in the instant case should have been separated for trial where one charge required proof of a previous felony conviction and one did not. See id.; Maycock v. State, 398 So.2d 495 (Fla. 3d DCA 1981); Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1980). Even if consolidation of charges is the most practical and efficient method of processing a case, practicality and efficiency should not outweigh a defendant's right to a fair trial. Vazquez, 419 So.2d at 1091; Fla.R.Crim.P. 3.152(a)(2). The prejudicial effect of this failure to sever, requires reversal.
Also, we agree with the defendant that the trial court erred in allowing the .380 cartridges found in the defendant's vehicle into evidence. No weapon was found, no ballistics tests performed, and no link whatsoever established between these rounds and the case at bar. See Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987). The testifying officer conceded that the rounds retrieved from the victim's car were more consistent with a .22 caliber than with a .380 caliber, and conceded to defense counsel's observation that: "the bullets [from defendant's car] could not have been fired in the gun that was fired at Mr. Bollinger." Thus, as to the rounds, with nothing to connect them to the crime for which Sosa was charged, the rounds are not relevant to the case. Id. at 589. § 90.401, Fla. Stat. (1993).
*175 Accordingly, defendant's conviction is reversed and the cause remanded.