PER CURIAM.
Appellant David Fugate was convicted of three counts of aggravated assault with a firearm. He filed a rule 3.850 motion claiming that his trial attorney should have objected to the admission into evidence of a handgun that had been found some distance from the crime scene. There was no evidence to link that particular gun to either the defendant or the crime. The trial court denied the post-conviction motion, finding that an objection would have been pointless because the gun was admissible. The trial court went on to find that even if the gun should have been excluded, the error was harmless.
The portions of the trial transcript that were attached to the order denying the motion do not conclusively refute Fugate’s allegation. Because there was nothing to connect the gun to the crime charged, the evidence was irrelevant and inadmissible. Sosa v. State, 639 So.2d 173 (Fla. 3d DCA 1994); Huhn v. State, 511 So.2d 583 (Fla. 4th DCA 1987). The victims’ testimony about whether Fugate was carrying a weapon when he threatened them was equivocal and contradictory, so if counsel erred, that error was prejudicial.
The state argues that the decision not to raise an objection was a reasonable trial strategy. That determination should not be made in the absence of an evidentiary hearing. Anthony v. State, 660 So.2d 374, 376 (Fla. 4th DCA 1995).
The order denying the motion is reversed and the case is remanded for an evidentiary hearing or for attachment of excerpts from the record that conclusively disprove the ineffective assistance claim. We agree with the trial court that Fugate was not entitled to any relief on the remainder of his allegations.
GUNTHER, C.J., and PARIENTE, J., concur.
STONE, J., dissents with opinion.