SUAREZ, J.
William Joseph Oehling appeals from a final judgment of conviction. We affirm in part and reverse in part.
Oehling was charged with possession of a firearm by a convicted felon and possession of a controlled substance (one Xanax pill). The case had been pending for several months when, two days prior to trial, the State notified the defense that witness Natalie Morgan would testify as a surrogate expert witness to an unavailable analyst’s report comparing the defendant’s DNA to that swabbed from the firearm. Furthermore, on the morning of trial, the State added chemist Matthew Putterbaugh as a “B” witness to testify to the lab report identifying the contraband as alprazolam (Xanax). All parties agreed that the late disclosure of these two witnesses was a discovery violation. The trial court then conducted a Richardson[1] hearing to inquire about the circumstances surrounding the State’s discovery violation and examine the possible prejudice to the defendant.
At the Richardson hearing, the defense objected to Morgan’s testimony concerning the DNA report based on general hearsay grounds.[2] The trial court determined that the prejudice would be minimal and allowed Morgan to testify to the DNA results obtained from the firearm swabs. The court also allowed the chemist, Putter-baugh, to testify as a non-deposable “B” witness to the chemical identification, be *1201 cause the defense was on notice that the identification of the confiscated substance was at issue and prejudice to the defendant was slight.
Immediately prior to trial, the defense moved to sever the firearm charge from the drug charge based on the introduction of the two late-added State witnesses. The trial court denied the motion, finding that the defense had filed a speedy trial demand as to both charges and could not move to sever on the eve of trial. Oehling stipulated to his prior felony offenses and went to trial on the unsevered charges. The jury was thus apprised of Oehling’s prior felony convictions and convicted him as charged.
Oehling argues that the trial court violated his Sixth Amendment right to confront the analyst who originally performed the DNA test on the firearm when it allowed the analyst’s supervisor, Morgan, to testify as a surrogate expert witness.[3] We conclude, however, that the pretrial objection to the admission of Morgan’s testimony made during the Richardson hearing was not expressly based on the Confrontation Clause under Crawford,[4] but rather on general hearsay grounds. This was insufficient to preserve a Confrontation Clause issue for appeal. To preserve a Crawford objection to hearsay as violative of the Confrontation Clause, “a specific objection is necessary.” Williams v. State, 967 So.2d 735, 747 n. 11 (Fla.2007) (citing Schoenwetter v. State, 931 So.2d 857, 871 (Fla.2006)). See Delhall v. State, 95 So.3d 134 (Fla.2012). In Delhall, the court held that a single objection based on general hearsay grounds was insufficient to preserve a confrontation issue. Here, Oehling failed to make any specific and express Confrontation Clause objection to Morgan’s testimony or surrogacy either by pretrial motion or contemporaneous objection at trial. The defendant must object specifically on the ground that admission of the testimony will violate the defendant’s right to confront witnesses; it is not sufficient to object to the statements as inadmissible hearsay. Id.
The appellant urges us to consider that Oehling did raise a confrontation objection at trial when the defense sought, on cross-examination, to ask Morgan if she knew whether the original analyst accepted any money for his deposition. Oehling asks this Court to extrapolate that particular “confrontation” objection to the entire issue of Morgan’s substitution as an expert witness. We follow Delhall in concluding that, because the defense did not make a specific, express constitutional Confrontation Clause objection to Morgan’s substitution for the unavailable analyst, the issue was not preserved for appeal. We therefore affirm Oehling’s conviction for possession of a firearm by a convicted felon.
We agree with the appellant, however, that the trial court abused its discretion by denying his motion to sever the firearms possession charge from the possession of a controlled substance. Severance should be granted liberally when prejudice is likely to follow from refusing the severance. State v. Vazquez, 419 So.2d 1088, 1090 (Fla.1982) (“[T]he better practice would be to sever a count which requires proof of a prior conviction in order not to deprive a defendant of the presumption of innocence.”); accord Sosa v. State, 639 So.2d 173, 174 (Fla. 3d DCA 1994); Maycock v. State, 398 So.2d 495 (Fla. 3d DCA 1981). Although both of Oehling’s *1202 offenses are part of the same criminal episode, the charge of possession of a controlled substance does not require proof of prior convictions. The prejudicial effect of this failure to sever requires reversal. Accordingly, the defendant’s conviction for possession of a controlled substance is reversed and the cause remanded.
Affirmed in part, reversed and remanded in part.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. The report of the DNA analysis was not admitted into evidence.

. The analyst who performed the actual DNA testing was unavailable because he had been deployed overseas.

. Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).