422 So.2d 956 (1982)
Ronnie Edward BRUNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AK-442.
District Court of Appeal of Florida, First District.
November 9, 1982.
Rehearing Denied December 7, 1982.
Melanie Ann Hines, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
In this appeal we must decide whether a continuance granted by the trial judge upon motion of the state was sufficient under Fla.R.Crim.P. 3.191 to constitute an order extending the speedy trial period. We conclude that it was not, and reverse.
On August 4, 1981, appellant was arrested for the crime of burglary, but for reasons which do not appear on the record no information was filed charging him with that crime until October 20, 1981. Discovery was thereafter conducted, and trial was set for January 5, 1982. When the case was announced for trial on that date the prosecutor orally requested a continuance on grounds that a necessary state's witness was out of the country and therefore unavailable. The prosecutor informed the trial judge that the witness would not return until after the speedy trial period had run, but urged that the witness's absence amounted to an exceptional circumstance since the witness had chosen to adhere to his previously made travel plans rather than honor his subpoena. The public defender objected to the granting of a continuance, and asserted that she was prepared to go ahead with the trial. After a brief colloquy concerning the reasons for the witness's absence and the date when the prosecutor learned of the witness's intention not to honor his subpoena, the court granted the motion for continuance and set a new trial date which was outside the speedy trial period. Although he was aware of the speedy trial problem, the judge did not expressly extend the speedy trial period, nor did he make any express finding that exceptional circumstances existed.
The speedy trial period ran on January 31, 1982, and on February 8, 1982, appellant's counsel filed her motion for discharge, asserting that the state had failed to comply with Fla.R.Crim.P. 3.191. The *957 trial judge thereafter denied the motion for discharge, whereupon the appellant entered a plea of nolo contendere, reserving his right to appeal the denial of the motion for discharge. We find that the motion should have been granted. As we held in the recent case of Durrance v. Rudd, 398 So.2d 1012, 1016 (Fla. 1st DCA 1981):
[W]e conclude that a continuance alone does not toll the speedy trial time. What is required is an order entered before the time limit expires, specifically extending or tolling the speedy trial requirements. (footnote omitted) (emphasis in original)
Here, the trial judge neither specifically ordered an extension of the speedy trial period, nor made any express finding that exceptional circumstances existed which would justify entry of such an order. Furthermore, it is doubtful whether a finding of exceptional circumstances could properly have been made in this case. The record reveals that the prosecutor knew some three weeks prior to trial, and some two weeks prior to the witness's departure, that the witness intended to disregard his subpoena and that the witness would not return from his trip until after the speedy trial period had run. It further appears that notwithstanding this knowledge, the prosecutor made no effort to obtain an earlier trial date, or to encourage the witness to alter his travel plans and obey his subpoena. Rule 3.191(f) expressly provides that absence of a witness will constitute an exceptional circumstance only when the absence is unforeseeable and unavoidable, or is due to unexpected illness or incapacity. The rule further provides that exceptional circumstances shall not include avoidable or foreseeable delays, or lack of diligent preparation. In our view, the state was not diligent in its preparation and prosecution of this case, and we accordingly reverse the judgment of guilt and order that the appellant be discharged.
REVERSED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.