433 So.2d 997 (1983)
Roger Paul BURNS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2193.
District Court of Appeal of Florida, Second District.
May 20, 1983.
Rehearing Denied July 7, 1983.
Robert W. Pope of Law Offices of Robert W. Pope, P.A., St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
This is an appeal from the denial of a motion for discharge pursuant to the speedy trial rule.
Appellant was arrested by undercover narcotics officers for possession of firearms during the commission of a felony, trafficking in cocaine, and possession of drug paraphernalia. On December 9, 1981, some of the evidence seized at the time appellant was arrested was sent to the Pinellas County Sheriff's forensic chemistry lab for analysis. The lab report on the results of the examination of that evidence was not prepared until April 1, 1982, and shortly thereafter it was furnished to the state.
The state then filed an information against appellant on April 23, 1982. At that time, the state had until June 1, 1982, to bring appellant to trial.
On April 26, 1982, the public defender filed a demand for discovery to which the state responded on May 11, 1982. The state also at that time filed a motion to extend speedy trial. The defense counsel noticed the taking of discovery depositions for May 24, 1982. The lab technician who had performed the lab tests was not served with her deposition subpoena, and her deposition therefore was not taken on May 24. On motion of defense counsel, the trial judge continued the earlier scheduled pretrial conference from May 20 to May 27. On approximately May 26, 1982, appellant replaced his appointed counsel with a private attorney, and on that date a new demand for discovery was filed by appellant's private counsel.
At the pretrial conference on May 27, appellant's new counsel informed the court that though he was then ready to go to trial he intended to file a written motion to suppress the cocaine seized at the time of appellant's arrest. The trial judge said he would require that this suppression motion be heard prior to the trial date. The state argued in favor of its requested extension of the speedy trial time period on the basis *998 that the backlog of work in the chemistry lab had caused several months delays in receiving lab reports, and because of the late receipt of the report in this case, appellant would necessarily need more time to prepare because of the proximity of the scheduled discovery depositions to any trial date that could be set before the expiration of speedy trial on June 1, 1982. After hearing arguments from both sides on the motion to extend speedy trial, the trial court granted the state's requested extension. After June 1, appellant filed a motion to discharge which the trial judge denied. Appellant then changed his not guilty plea to nolo contendere, specifically reserving his right to appeal the denial of his motion for discharge.
A trial judge has enormous discretion in deciding whether to grant an extension of the speedy trial time limitations. Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981). And we have held that a delay in receiving a lab report can support an extension of speedy trial time. State ex rel. Canup v. Langston, 341 So.2d 1069 (Fla. 2d DCA 1977).
We believe, however, that Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974), controls here. There, the court held that the defendant was not available for trial because he was involved in discovery and had depositions scheduled shortly before the running of the speedy trial time. Here, appellant was also involved in pretrial discovery shortly before the expiration of his speedy trial time. The gist of Rubiera is that the defendant would not have had time to complete the discovery process before the speedy trial time ran out. That same reasoning applies with equal force to this case because the defense discovery depositions were taken only eight days before the expiration of the speedy trial time, and any trial date would have to have been set no later than June 1. This, coupled with appellant's counsel's stated intention to file a motion to suppress prior to the trial, supports the trial court's order granting an extension. Thus, appellant's motion for discharge was properly denied, and we therefore affirm.
HOBSON, A.C.J., and BOARDMAN, J., concur.