NESBITT, Judge.
Valle appeals his conviction of attempted robbery, asserting that the trial court erred in denying his motion for discharge pursuant to the speedy trial rule. We affirm.
Valle was arrested on April 18, 1982. Under the speedy trial rule, Fla.R.Crim.P. 3.191, he was entitled to be tried by October 15,1982 — 180 days from the date of his arrest. There is no issue before this court concerning the numerous continuances granted prior to the October 15th deadline.
The victim of the attempted robbery lives in Chicago. In September, 1982, after one of the continuances mentioned above, the witness coordinator at the state attorney’s office called the victim to inform him of the changed trial date. At that time, the victim told the witness coordinator of his plans to go on vacation on October 7, 1982. The witness coordinator relayed this information to the prosecutor.
The victim was brought to Miami on October 4, 1982. The next day the defense took the victim’s deposition. The state then requested an immediate trial because of the victim’s plans to go to Europe on October 7th.
The trial was set for October 6, 1982, which was within the speedy trial period. The state advised the victim to report to the state attorney’s office at 10:00 a.m. on October 6th. When the case was called for trial at 3:50 p.m., October 6, 1982, the state informed the court that the victim had left Miami, without permission. The state then requested an extension of the speedy trial period based on the unavailability of an essential witness. The trial court granted the extension, over the defendant’s objection. Valle’s motion for discharge pursuant to the speedy trial rule was denied. The trial was held after the expiration of the original 180-day period. Valle was convicted of attempted robbery and placed on probation for two years.
On appeal, Valle contends that the unavailability of the victim to testify was not unforeseen, unavoidable or unanticipated because the state knew of the victim’s vacation plans three weeks in advance of trial. Therefore, Valle asserts, there was no exceptional circumstance justifying an extension of the speedy trial time. In support of this contention, Valle cites Brunson v. State, 422 So.2d 956 (Fla. 1st DCA 1982). In Brunson, the court stated in dictum that an extension of the speedy trial period would not have been proper because the state knew three weeks in advance that the witness intended to disregard his subpoena and would not be available for trial.
Unlike the facts presented in Brunson, the prosecutor in the instant case was not forewarned that the victim would be unavailable to testify at the trial. Though the prosecutor knew that the victim intended to go on vacation on October 7th, there was no warning that he would actually leave on October 6th, before the trial commenced. Therefore, this case falls squarely within the circumstances delineated in Florida Rule of Criminal Procedure 3.191(f) for granting an extension of the speedy trial period. The victim was an essential witness and his absence was unforeseeable. *536 See Fla.R.Crim.P. 3.191(f)(1), (3). The extension was properly granted because the trial was originally set within the speedy trial period, see Porter v. State, 439 So.2d 298 (Fla. 3d DCA 1983) and an exceptional circumstance justifying the extension was demonstrated. See State v. Rheinsmith, 362 So.2d 698 (Fla. 2d DCA 1978). Accordingly, the order denying Valle’s motion for discharge and the final judgment of conviction and sentence are affirmed.