## STATE OF FLORIDA v. SOWA

### Case No. 83-284 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

November 2, 1984

### APPEARANCES OF COUNSEL

**Julie S. Thornton** for appellant.

**Richard A. Beiley** for appellee.

Before RIVKIND, TENDRICH, and NADLER, JJ.

### OPINION OF THE COURT

RIVKIND, J.

The State appeals from an Order granting a Motion to Discharge Defendant pursuant to the "speedy trial" rule. Fla.R. Cr. P. 3.191(d)(1). Defendant was arrested on May 1, 1983 and subsequently charged with resisting an officer without violence and battery misde-

meanors under Sections 813.02 and 784.03, Florida Statutes. Defendant was arraigned on June 27, 1983 on the above charges and entered a plea of not guilty. A trial date was set for July 19, 1983. On July 19, 1983 the State announced that it was ready to proceed with trial. Defendant announced that he had set the taking of depositions of state witnesses the day prior to trial July 19, 1983, and the witnesses had failed to appear. The court continued the case to August 2, 1983, and charged the continuance to the State over objection. On August 2, 1983, the case was again called to trial. Defendant announced that he had made an appointment to take the deposition of the state witnesses during the prior week and that the state witnesses had called him prior to the scheduled depositions to inform defendant that they were unable to attend. The depositions were rescheduled for August 2, 1982, the day of trial. The court granted a second continuance and again charged it to the State over objection. The case was then set for August 8, 1983. The State announced ready for trial but the defendant was not present and the court issued a bench warrant for the defendant's arrest. The defendant later appeared and moved to set aside the bench warrant on the ground that he had appeared in the wrong courtroom. Notice had been sent to the defendant and his counsel to appear in courtroom 5-4 before Judge Gerald J. Klein. The case was called in courtroom 5-4 before Judge Alfred Nesbitt. The defendant had appeared in the courtroom in which Judge Klein was presiding. Judge Nesbitt set aside the bench warrant and continued the case, charging the continuance to the defendant. On September 7, 1983, the defendant filed a Motion for Discharge. The Motion for Discharge was granted after a hearing on Septmber 9, 1983.

We need not decide the propriety of charging the State with the first continuance nor need we decide whether the defendant was available for trial on August 8 when he appeared in the wrong courtroom. We reverse because we conclude the trial court erred in charging the State with a continuance on August 2, the day of trial, when defendant had re-scheduled depositions of the police officers. The Motion for Discharge should have been denied because the defendant was unavailable for trial on August 2. The 1980 amendment to Rule 3.191 provides that a person is unavailable for trial if the person or his counsel "is not ready for trial on the date trial is scheduled." Rule 3.191(e). Here, defendant's speedy trial rights were not violated since his case was set for trial within the time established by the rule. On the date of trial, defendant was still engaged in discovery, hence he was not ready for trial. See *Burns v. State*, 433 So.2d 997 (Fla 2d DCA 1983)

We add that where witnesses fail to obey the command of a

33

subpoena to appear for deposition, it is incumbent upon the party seeking discovery to promptly enlist the aid of the court. By granting a Motion to Discharge the court is "punishing the state attorney's office, and thereby the public, for the activities of the witness; sanctions if any should have been imposed upon the 'wrongdoer' who apparently was the witness."[1]

For the reasons stated, we reverse the order discharging defendant and remand for trial.

Reversed.

---

[1] *State v. Deville*, 258 So.2d 492, 493 (Fla. 3d DCA 1971). (The Court held that the trial court abused its discretion in excluding the testimony of the witness).
Note: The facts contained in this Opinion have been quoted from Appellant's brief. They are not in material dispute and are fully supported by the record.