PER CURIAM.
Since there was no showing either that the witness in question was unforeseeably or unavoidably absent or that his presence was “uniquely necessary for a full and adequate trial,” so that none of the prerequisites of Fla.R.Crim.P. 3.191(f)(1)[1] were satisfied, the trial court plainly erred in nonetheless continuing the trial and extending the speedy trial time on account of his asserted unavailability. It follows that the defendant’s motion for discharge made on the expiration of sixty days after his demand under Fla.R.Crim.P. 3.191(a)(2) should have been granted. For this reason, the judgment under review is reversed with directions to discharge the defendant.
Reversed.

. Rule 3.191. Speedy Trial
(f) Exceptional Circumstances. As permitted by (d)(2) of this Rule, the court may order an extension of the time periods provided under this Rule where exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
Exceptional circumstances are those which as a matter of substantial justice to the accused or the State or both require an order by the court: Such circumstances include (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial.