PER CURIAM.
We affirm the defendant’s conviction for sexual battery with use of force not likely to cause serious personal injury [§ 794.011(5), Fla.Stat. (1983) ], and kidnapping [§ 787.01, Fla.Stat. (1983) J,[1] upon a holding that: (1) the victim’s apparent labor pains, hospitalization and doctor’s orders to remain in bed were exception *652 al/unforeseeable circumstances[2] permitting an extension of the speedy trial period pursuant to Florida Rule of Criminal Procedure 3.191(f)(1), and the trial court properly exercised its discretion in so finding, Routly v. State, 440 So.2d 1257, 1261 (Fla.1983), cert. denied, — U.S.-, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984); and (2) the trial court correctly held that an unexcused defense continuance within the original 175 day trial period, Fla.R.Crim.P. 3.191(a)(1), operated as a waiver of the defendant’s right to be tried within that period. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980).
Affirmed.

. The conviction was entered pursuant to the defendant’s plea of nolo contendere, reserving the right to appeal the trial court's denial of his Florida Rule of Criminal Procedure 3.191(d)(1), motion for discharge, which we hold was properly denied for the reasons stated herein.

. The record does not reflect that either the prosecution or the defense knew the date of the witness' predicted delivery. Thus, we are not asked to decide, and expressly decline to do so, whether an extension of the speedy trial period would be permissible where a trial is scheduled in close proximity to the time a witness whose "testimony is uniquely necessary for a full and adequate trial”, Fla.R.Crim.P. 3.191(f)(1), is expected to be incapacitated for the delivery of a baby.