PER CURIAM.
This is an appeal by the defendant Michael Watts a/k/a Michael Watson from a final judgment of conviction for kidnapping and sexual battery and an order placing him on probation. The judgment of conviction and probation order were based on a nolo contendere plea entered by the defendant with the specific reservation that he could appeal the denial of his dispositive motion to discharge under the speedy trial rule. Fla.R.Crim.P. 3.191.
We reverse and remand with directions to discharge the defendant upon a holding that (1) the defendant filed a bona fide demand for a speedy trial below under Fla.R.Crim.P. 3.191(a)(2), (c) and admittedly was not thereafter brought to trial within the stipulated speedy time, although he was continuously available for trial during this time; (2) the trial court erroneously extended the speedy trial time upon motion of the state under Fla.R.Crim.P. 3.19 l(d)(2)(ii), (f) for the “unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial,” Fla.R. Crim.P. 3.191(f), although it is undisputed on this record that the two essential witnesses in this case who failed to appear in court, as required, had repeatedly refused to appear in court on numerous other occasions in this case, and, accordingly, their nonappearance on the last day of the speedy trial period was hardly “unforeseeable” under the above-stated rule, cf. Brunson v. State, 422 So.2d 956 (Fla. 1st DCA 1982) (state knew some three weeks before of witness’ intention to disregard subpoena and leave town; court opined in dicta that it was “doubtful” that exceptional circumstances extending speedy trial period could be proved), rev. denied, 431 So.2d 989 (Fla.1983). But see Wright v. State, 486 So.2d 651, 652 (Fla. 3d DCA 1986) (witness’ labor pains were unforeseeable); Valle v. State, 444 So.2d 534, 535 (Fla. 3d DCA) (witness’ early departure for vacation prior to trial beginning was unforeseeable), rev. denied, 451 So.2d 851 (Fla.1984); Dedmon v. State, 400 So.2d 1042, 1045 (Fla. 1st DCA 1981) (prosecutor not told of witness’ anticipated absence until night before trial), disapproved on other grounds, 419 So.2d 1088 (Fla.1982); and (3) the defendant was therefore entitled to discharge under the Florida speedy trial rule. See Davis v. State, 474 So.2d 336, 337 (Fla. 3d DCA 1985); cf. Cappetta v. State, 471 So.2d 1290, 1291 (Fla. 3d DCA) (trial court’s stated basis for extension of speedy trial period not supported on record, defendant discharged), rev. denied, 480 So. 2d 1296 (Fla.1985); Rico v. State, 463 So.2d 1172, 1174 (Fla. 2d DCA 1984) (same).
The final judgment of conviction and probation order under review are reversed, *348 and the cause is remanded to the trial court with directions to discharge the defendant.
Reversed and remanded.