# KRAUSE v STATE OF FLORIDA

## Case No. 86-4394

Sixth Judicial Circuit, Pinellas County

July 22, 1988

### APPEARANCES OF COUNSEL

**Jan Andrew Press** for appellant.

**Charles W. Burke,** Assistant State Attorney for appellee.

Before COBB, BRYSON, RIVES, JJ.

### OPINION OF THE COURT

WAYNE L. COBB, Circuit Judge.

## ORDER AND OPINION

This is an appeal from a Judgment and Sentence of the County Court of Pinellas County for DUI and failure to drive within a single lane.

Appellant argues two errors by the trial court. First, the Appellant argues that the trial judge erred in extending the speedy trial time. Second, the appellant argues that the trial judge erred in giving an erroneous and prejudicial jury instruction.

On the first issue, we find that the extension of speedy trial time was within the realm of the trial judge's discretion and not error. See *Burns v. State*, 433 So.2d 997 (Fla. 2d DCA 1983).

The second issue raises a more difficult problem. As a part of its instruction to the jury, the trial court instructed the jury as follows:

"If you find from the evidence that the Defendant had .10% or more by weight of alcohol in his blood, then you must find the Defendant guilty of driving under the influence of alcoholic beverages."

After the jury had retired to deliberate, it requested some reinstruction on the law and was reinstructed by the trial judge on the elements of the charge of DUI including the instruction cited above.

Appellant argues that giving this instruction constitutes reversible error because it establishes a mandatory irrebuttable presumption of guilt when coupled with evidence showing a breath test reading of more than .10 percent. Appellant cites two cases for authority that even a mandatory rebuttable presumption of guilt under such circumstances violates Appellant's Constitutional rights to due process (i.e: *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Rolle v. State*, 13 F.L.W. 1030 (4th DCA 4/27/88)).

Appellant is correct that the Due Process Clause of the U. S. Constitution has been construed by the U. S. Supreme Court to protect every criminally accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is accused. *In re Winship*, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068, 51 Ohio Ops 2d 323 (1970); *Sandstrom v. Montana supra.* Neither a burden-shifting presumption (*Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed.2d 508, 95 S.Ct. 1881 (1975)) nor a conclusive presumption (*Morissette v. U.S.*, 342 U.S. 246, 96 L.Ed. 288, 72 S.Ct. 240 (1952); *U.S. v. United States Gypsum Co.*, 438 U.S. 422, 47 L.Ed.2d 854, 98 S.Ct. 2864 (1973)) may be constitutionally used to either shift the burden of proof to the defendant or to take from the trier of fact the responsibility of determining the existence, vel non, of every essential element of the charge.

In Florida, a person may commit the crime of driving under the influence by either of two ways: (a) by being under the influence of alcohol or other specified chemical substances "when affected to the extent that his normal faculties are impaired" (§ 316.193(1)(a)), or, (b) by having a blood alcohol level of 0.10 percent or higher (§ 316.193(1)(b)).

It is interesting to note that subsection (a) of § 316.193(1) penalizes driving under the influence of many chemical substances, including alcohol, while subsection (b) penalizes only driving under the influence of alcohol. Furthermore, subsection (b) penalizes driving with a *blood alcohol level of 0.10 percent or higher without regard to impairment* of the driver's faculties while subsection (a) penalizes driving only when the driver is affected to the extent that his normal faculties are impaired. Sections 316.1932 and 316.1933, Florida Statutes, provide for testing of a driver for chemical substance content. Section 316.1934, Florida Statutes, establishes some presumptions of impairment based upon blood alcohol content.

However, the essence of the current law in Florida is that a person is guilty of driving while under the influence if it is proven that either (a) he is driving while affected by any prohibited chemical substance (including alcohol) to the extent that his normal faculties are impaired, or, (b) he is driving with a blood alcohol level of 0.10 percent or higher (§ 316.193(1), Florida Statutes). Therefore, the instruction given to the jury, in the instant case, that if they find the defendant's blood alcohol level to be 0.10 percent or more, they must find him guilty of DUI, simply tracks the applicable statute. It is clear from the record in this case that the focus of the prosecution was the Appellant's blood alcohol level of above 0.10 percent, rather than his impairment. It is also clear that the focus of the defense was to attack the breath test results that showed appellant's blood alcohol level to have been above 0.10 percent. Impairment does not appear to have been an important issue in this case.

We find that this case is not controlled by the decision in *Rolle v. State, supra.* The central issue in the *Rolle* case appears to have been impairment since the court in that case was concerned with the presumptions created in § 316.1934, Florida Statutes. In the instant case, the central issue was whether or not the Appellant's blood alcohol level was 0.10 percent or higher.

Consequently, the instruction of the trial judge that is at issue on this appeal did not create a presumption of any kind, but merely (and accurately) related the threshold of criminality established by

**109**

§ 316.193(1)(b), Florida Statutes. That standard is Constitutional. *State v. Hamza,* 342 So.2d 80 (Fla. 1977); *Roberts v. State,* 329 So.2d 296 (Fla. 1976).

Accordingly, we find no error to have been committed by the trial court.

It might be instructive for us to mention that there appears to be a conflict between the First District Court of Appeal in *Hall v. State,* 440 So.2d 689 (1983) and the Fourth District Court of Appeals in *Rolle v. State,* 13 F.L.W. 1030 (4th DCA 4/27/88) as to whether the standard jury instructions, if used to explain the presumptions created by § 316.1934, Florida Statutes, are Constitutional. In any DUI case in which impairment is the sole or primary issue, these cases should be carefully studied before deciding on the instructions to be given to the jury.

Judges Bryson and Rives concur.