PER CURIAM.
This is a petition for a writ of prohibition filed by the petitioners William Miketa and Esmond Massey who are defendants below in a felony prosecution for trafficking in cocaine and conspiracy to traffic in cocaine. It is urged that the petitioners’ speedy-trial rights under Fla.R.Crim.P. 3.191(a)(1), (i) were violated below in that (a) the petitioners were not brought to trial within 175 days subsequent to their arrest although available for such trial, and (b) the failure to bring the case to trial was not attributable to petitioners — and, accordingly, the respondent trial judge was in error in denying petitioners’ two motions for discharge made below.[1]
Both parties agree that the determinative question is whether the respondent trial judge was correct in charging a continuance to the petitioners on October 31, 1988 during the aforesaid 175-day period. We conclude that the respondent trial judge was in error in making this ruling because (1) the petitioners did not request such a continuance, and (2) the state failed to make timely discovery throughout the case and was clearly responsible for all trial delays in the case. Under these circumstances, the subject continuance was not attributable to the petitioners and should not have been charged to them. This being so, the petitioners’ speedy-trial rights were denied below, and they are now entitled to a discharge. Watts v. State, 516 So.2d 346 (Fla. 3d DCA 1987); Apolinari v. Ulmer, 483 So.2d 75 (Fla. 2d DCA), rev. denied, 492 So.2d 1335 (Fla.1986); Davis v. State, 474 So.2d 336 (Fla. 3d DCA 1985); Black v. State, 468 So.2d 457 (Fla. 3d DCA 1985); Brunson v. State, 422 So.2d 956 (Fla. 1st DCA 1982), rev. denied, 431 So.2d 989 (Fla. 1983).
The petition for a writ of prohibition is granted, the rule nisi previously issued is made absolute, and the respondent trial court is directed to discharge the petitioners from the cause.
Prohibition granted.

. One motion for discharge was made after the 175-day period had run; the second motion for discharge was made after the 15-day “window” period had run. See Fla.R.Crim.P. 3.191(d)(1), (i)(4).