713 So.2d 1023 (1998)
Michael D. SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00570.
District Court of Appeal of Florida, Second District.
May 22, 1998.
Rehearing Denied June 29, 1998.
*1024 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
A jury convicted Michael D. Sullivan of the crime of commission of a lewd and lascivious act in the presence of a child under sixteen years of age. At trial, over Mr. Sullivan's objection, the trial court admitted similar fact evidence of other crimes or acts. Because the circumstances of the similar fact evidence were not uniquely characteristic of the facts of the charged criminal conduct, we reverse the trial court's order and remand for a new trial.
The twelve-year-old victim, Brad, and his family became acquainted with Mr. Sullivan through church activities and a friendship developed. The offense occurred in a church restroom. While Brad was using a urinal, Mr. Sullivan entered the room and stationed himself at a nearby urinal. Shortly thereafter, Mr. Sullivan stepped back from the urinal, turned toward Brad, and began to stroke his penis with his hand. Brad observed this conduct and left the restroom as Mr. Sullivan continued this activity. Later, outside the restroom, Mr. Sullivan told Brad that he would "get him" if Brad said anything about what transpired.
In support of its case, the State sought to admit the testimony of Scott. He, too, met Mr. Sullivan through church, where Mr. Sullivan became friendly with Scott and his family. At trial Scott testified, over objection, that when he was fifteen years of age Mr. Sullivan took him to his apartment. While there Mr. Sullivan played pornographic films, offered him alcoholic beverages, and masturbated "simultaneously and then, by himself and vice versa."
Our analysis of the admissibility of this alleged similar fact evidence begins with the standards set out by the supreme court in Ruffin v. State, 397 So.2d 277 (Fla.1981), receded from on other grounds by Scull v. State, 533 So.2d 1137 (Fla.1988). Any fact relevant to prove a fact in issue is admissible even if it points to a separate crime, unless its admissibility is otherwise precluded by law. This type of evidence requires cautious scrutiny. To be admissible, it must be probative of the crime for which a defendant is being prosecuted. Id. at 279-280. To minimize the risk of a wrongful conviction, this kind of evidence must be "not only strikingly similar" but must also possess some "unique characteristic or combination of characteristics which sets [it] apart from other offenses." Heuring v. State, 513 So.2d 122, 124 (Fla.1987). The facts of the incident with Scott do not possess the requisite strict similarity for admissibility, and because this is not a custodial or familial situation, more *1025 relaxed standards do not apply. See Saffor v. State, 660 So.2d 668 (Fla.1995). The incidents are different in at least four significant areas. The dissimilarities include: (1) the location of the conduct, i.e., the church restroom as compared to a private apartment; (2) the use of the pornographic films in the one circumstance but not the other; (3) the masturbation by the youth in the incident with Scott but not with Brad; and (4) the act of mutual contemporaneous masturbation in the similar fact instance. Thus, the incident with Scott is not uniquely factually characteristic of the incident with Brad and, therefore, is not probative of the instant criminal charge. Accordingly, the events with Scott are not admissible under section 90.404(2), Florida Statutes (1995); see Williams v. State, 110 So.2d 654 (Fla.1959).
Because the evidence did not meet the similarity requirement and its admission was prejudicial to Mr. Sullivan's right to a fair trial, we reverse and remand the case for a new trial.
FRANK, A.C.J., concurs.
THREADGILL, J., dissents with opinion.
THREADGILL, Judge, dissenting.
I respectfully dissent. The appellant, in each of the incidents in question, met a young male victim through the child's mother at church activities. On each occasion, the appellant initiated masturbation in the victim's presencewith Brad at a church restroom, and with Scott at the appellant's apartment. Although the incident with Scott at the apartment involved more egregious conduct as outlined in the majority opinion, this additional conduct does not negate the other unique similarities in the incidents. I think the evidence concerning Scott was relevant Williams Rule evidence and properly admitted in this case. I would affirm.