718 So.2d 1266 (1998)
Andrew CORPUS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-01406.
District Court of Appeal of Florida, Second District.
October 9, 1998.
*1267 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Andrew Corpus's jury convictions were tainted by improper Williams[1] rule evidence of similar acts. For that reason, we reverse for a new trial.
Corpus was tried on one count of attempted capital sexual battery and two counts of lewd and lascivious behavior. The charges stemmed from an incident that took place in 1992. M.S., the 10-year-old alleged victim, was living with his mother at a boatyard. His mother's employment on a shrimp boat kept her away for twenty-one days at a time. During these excursions, she left the boy with a babysitter who lived on another shrimp boat at the same boatyard.
Corpus lived in an open area near the boatyard. M.S. knew him and had been to the place where he lived on several occasions. On the night in question, M.S. argued with his babysitter and left her boat at about 9:00 p.m. He went to Corpus's place and asked if he could spend the night there. Corpus allowed the boy to sleep on his couch.
At Corpus's trial, M.S. testified that he awoke to find himself face down with his pants pulled down to his knees. Corpus was on top of the boy, rubbing his penis against the boy's buttocks. M.S. recounted that Corpus attempted, but failed, to penetrate M.S.'s rectum. M.S. felt no pain or discomfort. After about five minutes, Corpus turned him over and began rubbing M.S.'s penis. Corpus then took M.S.'s hands and placed them on Corpus's penis.
After this incident, M.S. ran back to the babysitter's boat in the predawn darkness. Later that morning, the boy told the babysitter what had occurred. Corpus acknowledged that he allowed M.S. to sleep on his *1268 couch that night, but he denied molesting the boy.
The collateral crime evidence, introduced over objection, involved an encounter between Corpus and a 10-year-old boy in January 1991. Z.H. testified that he met Corpus one day while fishing from a pier. After they finished fishing, Corpus took Z.H. to a store and bought him a soda. They discussed trading a fishing pole for Z.H.'s bike. Eventually, they walked into a secluded, wooded area. Corpus sat on a boat trailer. He grabbed the boy's groin, touched his penis, and attempted to pull the boy onto his lap. Z.H. recounted that Corpus also offered him money. At that point, Z.H. made an excuse for leaving, and rode his bicycle home.
We conclude that Z.H.'s accusations should not have been placed in evidence. Our supreme court has emphasized that evidence of similar acts requires cautious scrutiny. See Ruffin v. State, 397 So.2d 277 (Fla. 1981), receded from on other grounds by Scull v. State, 533 So.2d 1137 (Fla.1988). As the court observed in Heuring v. State, 513 So.2d 122, 124 (Fla.1987), "[s]imilar fact evidence that the defendant committed a collateral offense is inherently prejudicial. Introduction of such evidence creates the risk that a conviction will be based on the defendant's bad character or propensity to commit crimes, rather than on proof that he committed the charged offense." To minimize the danger of a wrongful conviction, the alleged similar act must be "not only strikingly similar" but also must possess some "unique characteristic or combination of characteristics which sets [it] apart from other offenses." Heuring, 513 So.2d at 124. Because Corpus's case did not involve alleged sexual misconduct within a familial relationship, less stringent standards for admissibility did not apply. See Saffor v. State, 660 So.2d 668 (Fla.1995).
The incidents described by M.S. and Z.H. were different in a number of significant ways: (1) Corpus's chance meeting with Z.H., compared to his previous acquaintance with M.S.; (2) the locations in which the offenses were committed; (3) the times of day; (4) the fact that Z.H. remained fully clothed, whereas M.S. was disrobed; (5) Corpus's act of rubbing his penis against M.S.'s buttocks, fondling the boy's penis, and placing M.S.'s hands on Corpus's penis, contrasted to Corpus's grabbing Z.H.'s groin, touching the boy's penis, and attempting to pull him onto his lap; and (6) Corpus's offer of money to Z.H.
As can be seen, the two alleged episodes had little in common other than they both involved sexual misconduct with male children. The incident with Z.H. was not uniquely factually characteristic of the incident with M.S., and, therefore, it was not probative of the charge for which Corpus was being tried. Consequently, evidence of Z.H.'s encounter with Corpus was not admissible under section 90.404(2), Florida Statutes (1995). See Saffor, 660 So.2d at 671; Sullivan v. State, 713 So.2d 1023 (Fla. 2d DCA 1998). We cannot conclude that the admission of the similar act evidence could not have affected the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Therefore, the error cannot be considered harmless, and we must reverse for a new trial.
Corpus raises two additional issues which require resolution in anticipation of his retrial. First, he complains that State's witness Michael Gregory, a Department of Health and Rehabilitative Services protective investigator, was improperly qualified as an expert in the investigation of sexual abuse cases in order to bolster his opinion of Corpus's guilt. However, Gregory offered no such opinion. Although he was qualified as an expert, his testimony did not stray beyond that of a fact witness; he gave no expert opinion, and he did not improperly identify Corpus in his testimony. We find no error in this regard.
On the other hand, we are concerned about hearsay statements related during the testimony of Dr. Hetty Snyderman, a pediatrician under contract with the Lee County Child Protection Team. She testified that her physical examination of M.S. failed to reveal evidence of trauma, but that such did not rule out M.S.'s version of events. Dr. Snyderman also reported, over objection, that M.S. told her that he was molested while he slept on an abandoned couch, by someone *1269 who attempted to place his penis in M.S.'s buttocks. Further, Dr. Snyderman said, M.S. told her that the same person fondled his penis and kissed him.
Corpus argues that M.S.'s statements to Dr. Snyderman were inadmissible hearsay, as to which the requirements of section 90.803(23), Florida Statutes (1995), were not followed. That Evidence Code provision permits introduction of hearsay statements by a child victim of abuse, provided that (1) in a criminal prosecution the defendant is given ten days' notice of the State's intention to introduce the statements, and (2) the trial court finds in a hearing conducted out of the jury's presence that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. No such notice was given, and no such hearing was conducted, in regard to Dr. Snyderman's testimony at Corpus's trial.
The State contends that section 90.803(23) did not apply here, because Dr. Snyderman's hearsay testimony was admissible under section 90.803(4). That exception to the hearsay rule permits introduction of
Statements made for purposes of medical diagnosis or treatment by a person seeking the diagnosis or treatment ..., which statements describe medical history, past or present symptoms, pain, or sensations, or the inceptions or general character of the cause or external source thereof, insofar as reasonably pertinent to diagnosis or treatment.
In resolving this issue, we hasten to observe that it was not presented to the trial court. Although the defense objected to Dr. Snyderman's hearsay testimony, it did not do so on hearsay grounds, and the trial court properly overruled the objections as made. Ordinarily, we would not entertain an issue raised for the first time on appeal. We do so in this instance only because the issue is likely to recur at Corpus's retrial.
As sometimes happens, neither party's position is entirely correct. M.S.'s statement to Dr. Snyderman that his alleged attacker attempted to have anal intercourse with him was admissible under section 90.803(4), because it was reasonably pertinent to her diagnosis and treatment of the boy. See State v. Jones, 625 So.2d 821, 823 (Fla.1993); Lages v. State, 640 So.2d 151 (Fla. 2d DCA 1994). However, the balance of the boy's statements to the doctor, in which he alleged matters that could have no medical ramification, were not admissible under that statute. Rather, the admissibility of those statements was controlled by section 90.803(23), with its attendant requirements of prior notice and judicial assessment of reliability. Jones, 625 So.2d at 826.
Reversed and remanded for a new trial.
CAMPBELL, A.C.J., and THREADGILL, J., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).