728 So.2d 290 (1999)
Michael D. SULLIVAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-04677.
District Court of Appeal of Florida, Second District.
February 17, 1999.
Rehearing Denied March 1, 1999.
*291 Robert Dillinger, Public Defender, and Barry L. Cobb, Assistant Public Defender, Clearwater, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
In his petition for writ of prohibition, Michael D. Sullivan challenges the trial court's denial of his motion for discharge based upon a claimed violation of his right to a speedy trial. The State contends that there was no violation of Sullivan's right to a speedy trial because the trial court had granted the State's motion for continuance, thereby extending the time to bring Sullivan to trial. We hold that the State failed to make a showing of exceptional circumstances under Florida Rule of Criminal Procedure 3.191(l) to warrant extending the time to try Sullivan. We therefore grant the relief requested, and direct the trial court to discharge Sullivan.
This court previously reversed Sullivan's conviction and remanded for a new trial. See Sullivan v. State, 713 So.2d 1023 (Fla. 2d DCA 1998). Pursuant to Florida Rule of Criminal Procedure 3.191(m), the State was required to try Sullivan within ninety days. The trial court set Sullivan's case for trial on the eighty-fifth day.
Four days before trial, the State filed a motion for continuance, asserting the existence of a "critical state witness" whom the prosecutor was trying to locate. The motion was heard on the day scheduled for trial. At the hearing, the State asserted the existence of yet another witness whom the prosecutor was trying to locate. Although not entirely clear from the record, it appears that both witnesses purportedly would offer Williams[1] rule evidence, pursuant to section 90.404(2), Florida Statutes (1997). The State added as grounds for its motion that the victim and his family were ill and unable to make it to court that day.
The trial court granted the continuance and rescheduled Sullivan's trial. After the appropriate passage of time, Sullivan filed a notice of expiration of speedy trial and a motion for discharge. The trial court denied the motion for discharge on the basis that it previously had extended the time for trying Sullivan.
Exceptional circumstances may be shown in a variety of ways. They may be shown, for example, where there is an "unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial." Fla. R.Crim. P. 3.191(l)(1). They may also be shown where "specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time." Fla. R.Crim. P. 3.191(l)(3). The State's bare assertions in this case fall short of making such a showing.
*292 At the hearing on the motion for continuance, the State never proffered the specific testimony to be offered by its absent witnesses.[2] Further, the State failed to represent that, once it located the witnesses, they would be available and willing to testify. Nor did the State explain why their presence was uniquely necessary for a full and adequate trial. Compounding these shortcomings, the State failed to describe what steps it had taken to locate these witnesses to allow the trial court to determine whether the State had been diligent in its preparation for trial. Finally, the State did not explain why these witnesses had not been located prior to trial, or why their absence was unforeseeable and unavoidable.
With respect to the State's representation of illness of the victim and his family, the State did not indicate from what type of illness the victim and his family were suffering, why the illness precluded them from attending the trial, or when they were expected to recover from the illness. Defense counsel pointed out this deficiency, yet the State never provided this information.
Because the State's minimal showing in this case failed to demonstrate the existence of exceptional circumstances, the trial court erred in extending the time within which Sullivan had to be tried. See Watts v. State, 516 So.2d 346, 347 (Fla. 3d DCA 1987) (holding trial court erroneously extended speedy trial time upon motion of State where nonappearance of two essential witnesses was not "unforeseeable"); Rico v. State, 463 So.2d 1172, 1173-74 (Fla. 2d DCA 1984) (vacating defendant's sentence and ordering him discharged where record did not support order granting State's motion for extension of speedy trial time in order to accommodate co-defendants); Hogan v. State, 305 So.2d 835, 836 (Fla. 1st DCA 1974) (reversing defendant's conviction and ordering her discharged where record was void of any showing by State that enumerable causes for six-month delay in bringing defendant to trial were exceptional circumstances).
The petition for writ of prohibition is granted, and the trial court is directed to discharge Michael D. Sullivan.
BLUE, A.C.J., and FULMER and GREEN, JJ., Concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).
[2] We reject Sullivan's contention that, based on Westberry v. State, 700 So.2d 1236 (Fla. 1st DCA 1997), the State was required to go beyond a proffer and actually present evidence in support of its motion for a continuance. Neither Westberry, in which testimony was in fact presented in support of the State's motion to extend speedy trial, nor other decisions finding the existence of exceptional circumstances, require the presentation of evidence to support such a finding. See Routly v. State, 440 So.2d 1257, 1261 (Fla.1983) (finding exceptional circumstances based on factual circumstances presented by assistant state attorney).