873 So.2d 598 (2004)
Ricky CLARK, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D04-1204.
District Court of Appeal of Florida, Third District.
May 26, 2004.
Bennett H. Brummer, Public Defender, and Ray Taseff, Assistant Public Defender, for petitioner.
Charles J. Crist, Jr., Attorney General, and Douglas J. Glaid, Assistant Attorney General, for respondent.
Before SHEVIN, RAMIREZ, and WELLS, JJ.
RAMIREZ, J.
The petitioner, Ricky Clark, a criminal defendant before the circuit court, was charged with attempted first degree arson for allegedly lighting a rolled up newspaper and throwing it out of his cell on August 13, 2002, while a prisoner at Everglades Correctional Institute. On February 12, 2004, he filed a demand for speedy trial pursuant to rule 3.191 of the Florida Rules of Criminal Procedure. On March 10, 2004, the State filed a motion seeking to extend the speedy trial time period stating that State Fire Marshal Fredrick Clarke, "an essential witness," was unavailable for trial due to a neck injury.
At the hearing on the motion on March 19, 2004, the State satisfactorily established that Clarke had a medical condition for which he had scheduled surgery on March 31, 2004. The State proffered that Clarke was "the Fire Marshal in this case. He did not do more than anybody else in this case. His testimony is unique and needed. He's going to be able to tell Your Honor and the jury about his investigation that would negate any defenses that Mr. Clarke may have."
Although the defendant had no obligation to rebut such a woefully inadequate proffer, counsel stated that he had deposed the witness and that Clarke had not secured any physical evidence, had not taken any statement from the defendant, and had not witnessed the incident. The court nevertheless found that Clarke's testimony was "necessary for a full showing of the facts at trial." We cannot agree.
*599 In Davis v. State, 474 So.2d 336, 337 (Fla. 3d DCA 1985), we discharged the defendant where there had been "no showing either that the witness in question was unforeseeably or unavoidably absent or that his presence was `uniquely necessary for a full and adequate trial,' so that none of the prerequisites of Fla.R.Crim.P. 3.191(f)(1) were satisfied." This is clearly the State's burden. See also Sullivan v. State, 728 So.2d 290 (Fla. 2d DCA 1999).
In its response to this petition, the State takes the position that, even if a witness is not "uniquely necessary," the court may nevertheless find exceptional circumstances under subsections 3 or 4 of rule 3.191(l). The rule provides in pertinent part as follows:
Exceptional Circumstances. As permitted by subdivision (i) of this rule, the court may order an extension of the time periods provided under this rule when exceptional circumstances are shown to exist. Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays. Exceptional circumstances are those that, as a matter of substantial justice to the accused or the state or both, require an order by the court. These circumstances include:
(1) unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial;
. . .
(3) a showing by the state that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time;
(4) a showing by the accused or the state of necessity for delay grounded on developments that could not have been anticipated and that materially will affect the trial.
(Emphasis added). Under subsection 3, the State still failed to proffer the "specific evidence or testimony" that was unavailable. Subsection 4 also mentions "necessity." Thus, we cannot agree with the State's novel argument that a defendant's right to a speedy trial can be trumped by the unavailability of a nonessential witness.
We thus conclude that the court erroneously extended the speedy trial period and subsequently denied the defendant's motion for discharge. The petition for writ of prohibition is granted and the court is directed to discharge Ricky Clark on the charge of attempted first degree arson.