981 So.2d 554 (2008)
Marlin Leon WIGGINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D06-2973.
District Court of Appeal of Florida, Second District.
May 2, 2008.
*555 Julianne M. Holt, Public Defender, and Shelton S. Bridges, IV, Assistant Public Defender, Tampa, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Marlin Leon Wiggins' petition for writ of prohibition was previously denied by order with opinion to follow. This opinion sets forth the basis for the denial of the petition seeking relief from the trial court's order granting the State's motion for extension of the speedy trial period. The denial is predicated on the conclusion that the trial court did not abuse its discretion in granting the State's motion.
Review of a trial court's decision concerning an extension of the speedy trial period pursuant to Florida Rule of Criminal Procedure 3.191 is governed by an abuse of discretion standard. See Routly v. State, 440 So.2d 1257, 1261 (Fla.1983) ("[T]he trial court's determination of exceptional circumstances is a matter of discretion based on the facts presented below."); Burns v. State, 433 So.2d 997, 998 (Fla. 2d DCA 1983) ("A trial judge has enormous discretion in deciding whether to grant an extension of the speedy trial time limitations."). "This means that the trial judge's ruling may be disturbed only if we conclude that it was arbitrary, fanciful, or unreasonable," which requires that we determine that "no reasonable person would take the view adopted by the trial judge." Westberry v. State, 700 So.2d 1236, 1238 (Fla. 1st DCA 1997) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980)).
In light of the delays occasioned by the State's efforts to obtain Mr. Wiggins' presence in Hillsborough County, together with its actions to obtain blood and saliva samples from Mr. Wiggins, the trial court's decision to extend the speedy trial period based on exceptional circumstances was not arbitrary, fanciful, or unreasonable.
The circumstances of this case are distinguishable from those involved in Sullivan v. State, 728 So.2d 290 (Fla. 2d DCA 1999), and Clark v. State, 873 So.2d 598 (Fla. 3d DCA 2004), cases upon which the dissent relies. In Sullivan, 728 So.2d at 292, the extension was inappropriate because the State made a "minimal showing" based on conclusory assertions concerning the unavailability of witnesses. In Clark, 873 So.2d at 599, the extension was erroneous because "a speedy trial can[not] be trumped by the unavailability of a nonessential witness." Here, the importance of the blood and saliva samples and DNA evidencewhich were the basis for the extensionis unquestioned.
Petition denied.
KELLY and CANADY, JJ., Concur.
LaROSE, J., Dissents with opinion.
*556 LaROSE, Judge, Dissenting.
I respectfully dissent. In his petition, Mr. Wiggins challenges the trial court's order denying his motion for discharge based on the expiration of the speedy trial period. See Fla. R.Crim. P. 3.191(p)(3). Prohibition is the proper remedy. See Sullivan, 728 So.2d 290; Clark, 873 So.2d 598; Hajal v. State, 864 So.2d 1167 (Fla. 5th DCA 2004). The State did not demonstrate exceptional circumstances under Florida Rule of Criminal Procedure 3.191(l) to justify an extension of the speedy trial period. Recognizing that the trial court is vested with discretion in determining whether to extend the speedy trial period, I am, nonetheless, forced to conclude that the trial court erred.
Mr. Wiggins was arrested on August 24, 2005. At the time of his arrest, Mr. Wiggins was serving a sentence in Florida on other charges. The DNA profile obtained from crime scene evidence matched that of convicted felon Alvin Shaw. The State's investigation revealed that Alvin Shaw is an alias used by Mr. Wiggins; Alvin Shaw and Mr. Wiggins shared the same Department of Corrections inmate number.
Despite his incarceration in Florida, Mr. Wiggins was not booked into the Hillsborough County Jail on the new charge until November 9, 2005, almost three months after his arrest. He was arraigned a week later and released from the jail on January 31, 2006. Prior to his release, the State, on January 13, 2006, moved to compel blood and saliva samples. The motion was unattested, and the State presented no proof that Alvin Shaw was, in fact, Mr. Wiggins. The trial court denied the motion. The State renewed its motion on January 26, 2006. The trial court struck the motion; although Mr. Wiggins was in the Hillsborough County Jail, the State had not transported him to court. Finally, at the February 1, 2006, pretrial conference, the State presented fingerprint evidence establishing that Alvin Shaw was Mr. Wiggins. On February 6, 2006, the trial court granted the State's motion to compel blood and saliva samples. On February 9, 2006, one day before the expiration of the speedy trial period, the State moved for an extension of that period. Undisputedly, Mr. Wiggins had been in State custody since his August 2005 arrest.
The State argued that since August 2005, it had filed petitions attempting to bring Mr. Wiggins to Hillsborough County for arraignment.[1] Apparently, Mr. Wiggins had been arrested in Calhoun County on August 24, 2005, transported to Hillsborough County, and then transferred somewhere else before he was again booked into the Hillsborough County Jail on November 9, 2005. The trial court granted the State a forty-five-day speedy trial extension. Thereafter, Mr. Wiggins filed a notice of expiration of speedy trial pursuant to rule 3.191(p). On March 8, 2006, Mr. Wiggins filed an unsuccessful motion for discharge.
The State sought the extension pursuant to rule 3.191. Rule 3.191(i)(2) is the only applicable provision. Subsection (i)(2) provides that the period may be extended in exceptional circumstances as defined in rule 3.191(l). Rule 3.191(l) lists six examples of exceptional circumstances, none of which were invoked specifically by the State. Nevertheless, only subsections (l)(3) and (l)(4) appear applicable here.
*557 Rule 3.191(l)(3) requires "a showing by the state that specific evidence or testimony is not available despite diligent efforts to secure it, but will become available at a later time." Mr. Wiggins, however, was arrested after the DNA profile from the crime scene was found to match that of Alvin Shaw. The State knew before Mr. Wiggins' arrest of the need to obtain blood and saliva samples.
Mr. Wiggins was incarcerated in Florida from before the time of his arrest through and beyond the expiration of the speedy trial time period. The State had many options available to secure needed evidence. It could have sought a court order from the jurisdiction in which Mr. Wiggins was held approving the taking of blood and saliva samples. See Brown v. State, 493 So.2d 80, 81 (Fla. 1st DCA 1986) (holding that prisoners have a decreased expectation of privacy and the government is not required to obtain a warrant or establish probable cause to conduct searches and seizures of inmates as long as the searches and seizures are reasonable). Alternatively, the State could have sought a search warrant from that jurisdiction for the collection of samples. The State, of course, could have moved to compel blood and saliva samples contemporaneously with Mr. Wiggins' arraignment in Hillsborough County. Instead, the State waited until almost two months after the arraignment to file its first motion. Based on this record, I cannot conclude that the State acted diligently.
Rule 3.191(l)(4) is also unavailing. Under subsection (4), the trial court may extend the speedy trial period upon "a showing by the accused or the state of necessity for delay grounded on developments that could not have been anticipated and that materially will affect the trial." Mr. Wiggins was brought to the Hillsborough County Jail on November 9, 2005. He was released and taken to another Florida jurisdiction on January 31, 2006. I do not believe that the State demonstrated the existence of a development that could not have been anticipated. This is especially manifested by the fact that the State had to secure writs of habeas corpus to secure Mr. Wiggins' presence in Hillsborough County.
In Sullivan, we granted a writ of prohibition and directed the trial court to discharge the defendant after the trial court granted the State's motion to extend the speedy trial period. 728 So.2d at 291-92. We concluded that the State failed to demonstrate exceptional circumstances under rule 3.191(l). Id.; see also Clark, 873 So.2d at 599. I find Sullivan persuasive and would grant the petition.
NOTES
[1] In Sullivan, 728 So.2d at 292 n. 2, we determined that the State, in seeking a speedy trial extension due to exceptional circumstances, need not present evidence at the hearing on the motion for extension; an order granting an extension may be based on the State's representations regarding the relevant facts.